OPINION OF THE COURT
Bellacosa, J.
The legal question common to these three cases arises out of the interpretation and practical interplay between CPL 190.50 (5) and 180.80. CPL 190.50 (5) affords individuals preliminarily accused of crimes the right to testify before a Grand Jury weighing the criminal charges against them provided that timely notice is given by the accused. CPL 180.80 requires the release of individuals being held in pretrial detention pending action of a Grand Jury after 120 or 144 hours of custody unless, among other neutralizing circumstances, an indictment has been voted.
*410 The issue is whether these three defendants were deprived of their statutory right to appear and testify before a Grand Jury under CPL 190.50 (5) where, despite their written requests served on the People at their arraignments on felony complaints, the prosecutor nevertheless proceeded to present criminal charges to the Grand Jury in order to avoid the automatic and imminent consequences of the People’s failure to satisfy CPL 180.80. We also consider whether the statutory right to appear was satisfied when the prosecutor offered these defendants the opportunity to have their say after the Grand Jury had already voted to indict them.
Supreme Court, Queens County, dismissed each indictment. The Appellate Division heard the three People’s appeals together and affirmed for the reasons stated in its Oquendo memorandum decision (People v Oquendo, 172 AD2d 566; People v Evans, 172 AD2d 557; People v Davis, 172 AD2d 554), reasoning that "[t]he opportunity to testify before a Grand Jury which has already considered the matter and voted to indict, is qualitatively different [from] the right to testify prior to the time that the Grand Jury has been charged and votes” (172 AD2d, at 567, supra). It held that in these situations in which defendants gave timely statutory notice prior even to the Grand Jury presentments, the right conferred by CPL 190.50 (5) to testify before a Grand Jury "must include the right to testify before the Grand Jury has voted on the matter” (172 AD2d, at 567-568, supra [emphasis in original]). On a grant of leave to the People in each case by a Judge of this Court, we affirm the orders of the Appellate Division affirming Supreme Court’s dismissal of the respective indictments.
These appeals stem from independent arrests and felony complaints. Defendant Oquendo was charged with criminal sale of a controlled substance, third degree, and criminal possession of a controlled substance, seventh degree; defendant Evans was charged with grand larceny and criminal possession of stolen property in the third degree; and defendant Davis was charged with robbery in the first and second degree, among other crimes. At their separate arraignments the day after their arrests, the People served defendants with notice under CPL 190.50 (5) (a) that criminal charges would be presented to a Grand Jury. Defendants responded with written notices under that statute that they intended to exercise their right to testify before the Grand Jury. Defendants were held in pretrial detention at Hikers Island because they could *411 not make bail, and their cases were adjourned to a scheduled date and time for presentment and for their appearances before the Grand Jury. They were so notified.
However, on the scheduled dates, which in each case was the last day of the CPL 180.80 period, and despite court orders for their production before the Grand Jury, Evans and Oquendo were not produced by the Department of Correction until after the indictments were already voted. Defendant Davis was produced in timely fashion, but he was returned to the detention facility before being given the opportunity to testify "due to the lack of security”. According to the prosecutor’s affirmations, the Assistant District Attorneys presented the respective cases to the Grand Jury, instructed it on the law, and obtained indictments in order to avoid the consequences of CPL 180.80.
The People, however, did not immediately file the indictments with the court. Defense counsel contacted the prosecutors and objected" to the voting of the indictments in the face of defendants’ nonproduction and nonappearance. The Assistant District Attorneys offered to further delay filing the indictments, to reopen the Grand Jury proceedings, and to allow defendants to testify before the same Grand Jury that had already voted to indict them. The attorneys for the defendants rejected this suggestion and the indictments were filed with the court.
When defendants were arraigned on the indictments, their attorneys moved to dismiss pursuant to CPL 210.20 (1) (c), 210.35 (4) and 190.50 (5) (c) on the ground that the People had failed to afford defendants an opportunity to exercise their timely invoked right to appear before the Grand Jury. Defendants assert that they were entitled to appear prior to the Grand Jury vote since they had provided notice of intent to testify before presentment and vote. The People counter that the opportunity to testify before the Grand Jury at a reopened presentment satisfied the literal right conferred by CPL 190.50 (5), that defendants would not have been prejudiced by this procedure, and that the People should not be burdened by the failure of the New York City Department of Correction to produce the defendants because the District Attorney does not control that Department. The People argue that CPL 190.50 (5) merely requires defendants’ appearance any time prior to filing of an indictment, regardless of when defendants served notice of intent, since the timing mechanism for defendants’ *412 invocation of the right continues until such filing. Further, the People argue that in these circumstances they should not be required to delay Grand Jury votes where such a delay would result in release of detained individuals pursuant to the mandate of CPL 180.80. To the extent the People rely on People v Cade (74 NY2d 410), we note that the case involved a different statute, CPL 190.75, which is inapplicable here and in no way supports the People’s contentions in the instant situation.
CPL 190.50, adopted in 1970 (L 1970, ch 996, § 1) as part of the recodification of the Code of Criminal Procedure, effectively expanded an accused’s rights related to impending Grand Jury proceedings. Under Code of Criminal Procedure § 250 (2), from which CPL 190.50 was partly derived, the District Attorney was not required to notify an accused that Grand Jury action was possible. If a person learned of potential Grand Jury action and wished to testify, that person was required, prior to any vote, to serve notice of intent to testify in order to become entitled to a prevote appearance (Code Crim Pro § 250 [2]; Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, CPL 190.50, at 145 [1971]).
The Criminal Procedure Law imposes a new obligation on prosecutors under CPL 190.50 (5) (a): a defendant must be informed that a Grand Jury proceeding against that person is pending, in progress or about to occur, if that person has been arraigned on an undisposed felony complaint charging an offense which is a subject of the prospective or pending Grand Jury proceeding. CPL 190.50 (5) (a) then adds in pertinent part that "[w]hen a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his [or her] own behalf if, prior to the filing of any indictment * * * he [or she] serves upon the district attorney of the county a written notice making such request” (emphasis added). Once an accused serves such notice requesting an appearance before the Grand Jury, the District Attorney "must notify the fore[person] of the grand jury of such request, and must subsequently serve upon the applicant * * * a notice that [the applicant] will be heard by the grand jury at a given time and place. Upon appearing at such time and place * * * such person must be permitted to testify before the grand jury and to give any relevant and competent evidence concerning the case under consideration” (CPL 190.50 [5] [b]). The District Attorney must afford defendant "reasonable *413 time” to exercise the right to appear as a witness at the Grand Jury (CPL 190.50 [5] [a]).
Thus, in addition to expanding an accused’s rights to receive notice from the People of pending or prospective Grand Jury proceedings, CPL 190.50 (5) also enlarges the window frame for potential indictees to testify by allowing them to serve notice anytime "prior to the filing of any indictment” (CPL 190.50 [5] [a]). There is absolutely no legislative history or good reason to suppose that these enlargements were simultaneously intended to narrow the pre-Criminal Procedure Law right to a prevote appearance under the circumstances presented in these cases.
The expanded statutory rights created by CPL 190.50 (5) arguably contemplate defendants personally presenting evidence even after a Grand Jury has voted to indict. However, that only highlights the question presented by these cases and does not answer it. First of all, while CPL 190.50 (5) unambiguously establishes the timing requirement of defendants’ written notice of intent to appear, i.e., "prior to the filing of any indictment” (emphasis added), it does not correspondingly fix the timing of defendants’ appearance or expressly connect the timing of defendants’ appearance to the timing of defendants’ notice, i.e., before or after a Grand Jury vote to indict. In this respect, the statute is silent and does not unambiguously resolve whether individuals who give timely notice at a reasonable point prior to a Grand Jury presentment and vote must be given a preindictment-vote opportunity to testify.
In view of the lack of express correlation, the Court must interpret CPL 190.50 (5) and apply it to the situations at hand by appropriately resorting to legislative intent, purpose and history, meager as they appear to be. Our primary consideration in interpreting this statute is to ascertain and give effect to the intention of the Legislature (compare, People v Laing, 79 NY2d 166; see also, Doctors Council v New York City Employees’ Retirement Sys., 71 NY2d 669, 674-675; Patrolmen’s Benevolent Assn. v City of New York, 41 NY2d 205, 208).
Our reading of CPL 190.50 (5) together with its history and purpose warrants the conclusion that the Legislature intended that individuals who give timely notice reasonably prior to the prosecution’s presentment of evidence and prior to the Grand Jury vote on an indictment are entitled to testify before the vote. This interpretation properly effectuates the purposes underlying the statute by protecting defendants’ *414 valued statutory option to appear at this critical accusatory stage to offer testimony that may affect the Grand Jury’s consideration of the otherwise exclusive, ex parte presentment of evidence by the prosecution. Further, the District Attorney’s statutory obligation to notify the Grand Jury foreperson when an accused has served notice of intent to appear (CPL 190.50 [5] [b]) surely contemplates that defendant will be afforded a prevote appearance, since the statute fixes the time in such circumstances as within a "reasonable time” (CPL 190.50 [5] [a]). We discern nothing in the statutory language or the legislative history justifying a dilution of an accused’s personal right to appear before the Grand Jury before that body has been instructed on the law by the prosecutor and before it has deliberated on the evidence and voted on the criminal charges against the defendant. This view comports with the raison d’etre of indictment by Grand Jury: "to prevent the people of this State from potentially oppressive excesses by the agents of the government in the exercise of the prosecutorial authority vested in the State” (People v Iannone, 45 NY2d 589, 594; NY Const, art 1, § 6).
The obligation under CPL 190.50 (5) (a) to provide notice and, therefore, the concomitant right to give testimony even perhaps after an indictment has been voted but before it is filed (see, e.g., People v Young, 138 AD2d 764; People v Skrine, 125 AD2d 507), is an added window given to defendants. However, the District Attorney acquires no correlative right to control or restrict the timing of the exercise of the right. This is especially important because defendant’s appearance before a Grand Jury is the singular incursion on the prosecutor’s otherwise exclusive stronghold.
 The failure of the Department of Correction to produce defendants provides no excuse or good cause for the District Attorney’s failure to give effect to a properly invoked right under CPL 190.50 (5). Nor should we give legal effect to the practical difficulties the prosecution may encounter in satisfying its obligations under CPL 180.80.
In sum, we agree with the Appellate Division that the opportunity to testify prior to any Grand Jury vote is "qualitatively different” from and more advantageous than the opportunity to testify at a reopened presentment after the Grand Jury had committed itself to a vote based on the prosecution’s ex parte presentment of evidence (People v Oquendo, 172 AD2d 566, 567, supra). While the grand jurors *415 may be capable of setting aside action taken after a formal vote and considering new evidence from a defendant, the right conferred by CPL 190.50 (5) would not have real meaning if tendered only after such formal Grand Jury action. Such a practice in the circumstances presented by these cases would eviscerate the intent of the statute and negate its efficacy (People v Jones, 126 Misc 2d 104, 107). For example, relegating defendants to an appearance before a reopened Grand Jury that has already voted to indict them seems as dubious as listening to appellate counsel arguing only after an appeal has already been decided on the representation that the decision might be reexamined. By providing timely notice reasonably prior to Grand Jury presentment and vote, defendants establish their statutory right to testify before a vote is taken, assuming, of course, that any failure to afford these individuals a prevote appearance is not attributable to defendants themselves.
Accordingly, the order of the Appellate Division in each case, affirming the dismissal of the indictments, should be affirmed.
Chief Judge Wachtler and Judges Kaye, Titone, Hancock, Jr., and Yesawich, Jr.,* concur; Judge Simons taking no part.
In each case: Order affirmed.

 Designated pursuant to NY Constitution, article VI, § 2.