**13** THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v

HAROLD MEYERS, Also Known as HAROLD MYER, Respondent.— Order, Supreme Court, New York County (Phylis Skloot Bamberger, J.), entered June 13, 1991, dismissing the indictment charging defendant with robbery in the first degree and related crimes, on the ground that defendant had not been afforded a meaningful opportunity to testify before the Grand Jury, unanimously affirmed.

Consistent with the recent Court of Appeals decision in *People v Oquendo* (79 NY2d 407), we find that defendant was denied a meaningful opportunity to testify before the Grand Jury, when, despite defendant's notice at arraignment of his intention to so testify, the prosecutor, prompted by CPL 180.80 considerations, obtained a vote on the charges but offered to reopen the case to allow defendant to testify. While *People v Cade* (74 NY2d 410) may still permit the reopening of a case where the defendant belatedly asserts his statutory right to testify, *People v Oquendo* explicitly holds that a defendant who serves timely notice of his intent must be accorded the opportunity to do so before any vote is taken (79 NY2d, *supra,* at 413). The People never disputed defense counsel's representations made in court as well as in the motion papers, that timely written notice was properly served at arraignment. With respect to the People's attempt to excuse the delay because of the arraignment court's misscheduling of the adjourned date, *Oquendo* also states that a failure to provide the defendant with an opportunity to testify before a vote is taken is not to be excused by "the practical difficulties the prosecution may encounter in satisfying its obligations under CPL 180.80" (79 NY2d, *supra,* at 414). Concur—Milonas, J. P., Rosenberger, Ellerin and Rubin, JJ.