■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WARD, Appellant. [597 NYS2d 328] —Judgment, Supreme Court, Bronx County (William C. Donnino, J., at pretrial motion to dismiss; Harold Silverman, J., at trial and sentence), rendered December 16, 1991, convicting the defendant, after a jury trial, of robbery in the first degree and sentencing him, as a persistent violent felony offender, to an indeterminate term of imprisonment of from 10 years to life, unanimously reversed, on the law and the facts, the judgment is vacated and the defendant's motion to dismiss the indictment is granted. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of a copy of this Court's order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

The defendant was arrested on May 10, 1990 in connection with the robbery of a grocery store. At his arraignment on May 12, 1990, written notice was filed with the District Attorney's office that the defendant intended to testify before the Grand Jury pursuant to CPL 190.50 (5) (a). The case was adjourned to May 16, 1990 at which time the defendant again indicated that he wished to testify before the Grand Jury. The defense, however, requested an adjournment to May 25, 1990 to conduct further investigations, with the defendant waiving his rights pursuant to CPL 180.80.

On May 25th, the defendant requested another adjournment and again indicated his intention to testify and to waive his rights pursuant to CPL 180.80. The People requested that the case be adjourned to May 31st and that the case be marked the final date for the defendant to testify before the Grand Jury. The Grand Jury panel considering the matter was scheduled to terminate on June 1, 1990.

At approximately 4:00 P.M. on May 31, 1990, the defendant's case was called in court, at which time he stated that he would be testifying in the Grand Jury that day. The Assistant District Attorney advised the court that she had completed and filed the necessary paperwork to insure that the defendant would be transported immediately to the Grand Jury to testify.

However, by 6:00 P.M. the defendant had still not been produced for his Grand Jury appearance. In response to his

inquiries, defense counsel was notified by the Department of Correction at 6:15 P.M. that the defendant had been returned to the Rikers Island Correctional Facility because the Department had never received an order to produce him elsewhere. Although defense counsel notified the Assistant District Attorney of these events, she proceeded to ask the Grand Jury to vote on the indictment that evening, based on her belief that May 31, 1990 was the last day in which to meet her CPL 180.80 obligation. The Grand Jury voted to indict the defendant.

The Assistant District Attorney had the defendant produced the following day, June 1, 1990, and offered to reopen the Grand Jury proceedings to allow him to testify. The defendant declined.

The defendant thereafter moved to dismiss the indictment based on his contention that the District Attorney's office failed to afford him an opportunity to testify before the Grand Jury in violation of CPL 190.50. The Supreme Court denied the motion and the defendant proceeded to trial where he was convicted of robbery in the first degree.

We agree with the defendant that he was deprived of his statutory right to testify before the Grand Jury. The Court of Appeals, on nearly identical facts, held that defendants are deprived of their statutory right to appear and testify before a Grand Jury pursuant to CPL 190.50 (5) where, despite their written requests served on the People at their arraignments on felony complaints, the prosecutor nevertheless proceeds to present criminal charges to the Grand Jury in order to avoid the consequences of CPL 180.80, which requires the release of individuals being held in pretrial detention pending action of a Grand Jury after 120 or 144 hours of custody unless, *inter alia,* an indictment has been voted *(People v Evans,* 79 NY2d 407, 409-410; *see also, People v Meyers,* 186 AD2d 358; *People v Bey-Allah,* 132 AD2d 76).

Providing the defendant with the opportunity to testify before a reopened Grand Jury proceeding fails to satisfy the People's burden *(supra).* Moreover, the failure of the Department of Correction to produce the defendant does not excuse the District Attorney's failure to give effect to the defendant's right to testify before the Grand Jury votes *(People v Evans, supra; People v Meyers, supra).* Any difficulties the prosecution contends it would encounter in satisfying its obligations under CPL 180.80 are outweighed by the need to protect the defendant's rights *(supra).* Concur—Carro, J. P., Rosenberger, Ellerin, Wallach and Rubin, JJ.