OPINION OF THE COURT
Albert D. Koch, J.
The defendant moves for an inspection of the Grand Jury minutes and a dismissal of the indictment. This court has read the Grand Jury minutes and finds that the indictment must be dismissed.
FACTS
The People’s evidence before the Grand Jury consisted of the testimony of two police officers. Their testimony, summarized briefly, was that they stopped the defendant and two putative codefendants in a car for a traffic violation. They testified that they recovered a gun from the car and arrested the defendant. One codefendant testified in the Grand Jury. His testimony was that the gun belonged to the defendant and that neither codefendant had knowledge of the gun prior to the police stop. The Grand Jury returned a true bill with respect to the defendant and a no true bill with respect to the two codefendants.
Subsequently, the People asked the Grand Jury to disregard its vote as to the defendant and gave the Grand Jury the following instructions: "I would like to instruct you now as to how you should consider the testimony you heard from [the codefendant] that it was not his gun, but it was rather Jeff Bannister’s gun. In deliberating against Jeff Bannister, you may not consider [the codefendant’s] testimony in deciding to indict Jeff Bannister. You must rely only on the law as I give it to you and — and the presumption I have given you. You cannot rely on another defendant’s testimony as it applies to Jeff Bannister. [The codefendant’s] testimony is only relevant as it applies to [the codefendant].”
*511 The charges against the defendant were then re-presented and a second true bill was returned.
DISCUSSION
CPL 190.75 (3) requires the People to seek leave of the court before resubmitting to a Grand Jury a charge that has previously been dismissed by a Grand Jury. When a prosecutor withdraws a case from the Grand Jury after the presentment of the People’s evidence but prior to the Grand Jury’s vote, the withdrawal is considered a dismissal for purposes of CPL 190.75 (People v Wilkins, 68 NY2d 269). The purpose of this rule is to prevent a prosecutor from withdrawing a case when hostility is sensed and presenting the case to "a more compliant Grand Jury” (People v Wilkins, at 275).
In People v Cade (74 NY2d 410), the Court of Appeals ruled that the possibility of such forum shopping is not a concern when, after the Grand Jury has voted a true bill, the prosecutor requests that the Grand Jury vacate the charges, presents additional evidence and the Grand Jury revotes the same charges.
In the case before the court, the Grand Jury voted a true bill prior to the vacation of the charges and the additional instructions being given. Thus, leave of the court pursuant to CPL 190.75 (3) was not required for the People to request vacation, give an additional instruction, and ask for a new vote. However, the content of the instruction given requires dismissal of the charges on another ground.
In Cade (supra), the People presented additional inculpatory evidence after the initial vote by the Grand Jury. In this case, the effect of the instruction given was to withdraw inculpatory evidence from the deliberations of that body. It is inarguable that a Grand Jury which has previously returned a true bill is predisposed to do the same upon a new vote. Thus, there exists a real possibility that the Grand Jury relied upon its previous vote and indicted the defendant without regard to the subsequent instructions. This procedure impaired the integrity of the Grand Jury and created the possibility of prejudice to the defendant; dismissal is therefore required (CPL 210.35 [5]).
The court’s opinion is buttressed by People v Evans (79 NY2d 407). In Evans, the Court of Appeals ruled that when a defendant has served timely notice of his intention to testify before the Grand Jury, CPL 190.50 requires that the defen *512 dont be allowed to do so prior to the Grand Jury’s vote. In interpreting CPL 190.50, the Court relied heavily on the fact that "the opportunity to testify prior to any Grand Jury vote is 'qualitatively different’ from and more advantageous than the opportunity to testify at a reopened presentment after the Grand Jury had committed itself to a vote based on the prosecution’s ex parte presentment of evidence” (People v Evans, at 414, quoting People v Oquendo, 172 AD2d 566, 567). Thus, Evans recognizes that a Grand Jury is inclined to duplicate a previous vote regardless of the introduction of (presumably) exculpatory evidence. Logically, this same inclination must exist when, rather than the introduction of exculpatory evidence, the Grand Jury is presented with the withdrawal of inculpatory evidence, and then asked to revote.
The People submit that the additional instruction was given to aid the Grand Jury in its evaluation of accomplice testimony and that this instruction was a proper exercise of the prosecutor’s discretion pursuant to CPL 190.30 (7). The People argue further that the instruction itself was not prejudicial and the fact that the Grand Jury had already voted an indictment belies any prejudice.
The court does not, however, find any prejudice in the charge itself. Rather, the possibility of prejudice arises from the fact that the charge was given after an indictment had been voted. To sanction the procedure used in this case would allow a prosecutor to introduce inadmissible evidence, secure an indictment and then request a revote without the use of the inadmissible evidence. Such a procedure cannot be countenanced by the court.
CONCLUSION
The defendant’s motion to dismiss the indictment is granted. The People are granted leave to re-present within 45 days.