OPINION OF THE COURT
Charles J. Thomas, J.
Defendant moves to dismiss two indictments on the grounds *644 that he was denied his statutory rights to appear before the Grand Jury pursuant to People v Evans (79 NY2d 407). The People challenge this view and maintain this case presents a reverse Evans situation.
I
BACKGROUND
Defendant herein was arrested July 20, 1994 and charged with several robberies in the first degree. He was arraigned on July 22, 1994 and represented by attorney Thomas Johnson. The People served CPL 190.50 notice and received cross notice from the defendant. The case was adjourned to AP-6 for July 26 which was the day before CPL 180.80 expired.
On July 26, the People began the presentation of the defendant’s two robbery cases. At that time attorney Johnson was on trial in Jamaica, Queens. A colleague, Florence Morgan, adjourned defendant’s Grand Jury appearance and waived CPL 180.80 for that day. The next day, July 27, Mr. Johnson was still on trial. A second colleague, Susan Wetzel, advised the District Attorney that the defendant would "likely” waive CPL 180.80 in order to permit Mr. Johnson to represent his client. Defendant was then brought by the correction authorities into the court shortly after 3:00 p.m. At approximately 4:00 p.m., Ms. Wetzel told the District Attorney that counsel was still on trial and the defense would not waive CPL 180.80 for another day. Apparently no further discussion was made regarding defendant’s appearance before the Grand Jury.
The People, upon being informed of the defendant’s position, presented both the cases to the Grand Jury and the defendant was indicted on two separate indictments by the close of day.
Defendant now seeks dismissal of the indictments pursuant to CPL 190.50 (5) (c) alleging that the District Attorney failed to provide him a reasonable opportunity to testify before the Grand Jury.
II
ISSUE
The issue presented is whether or not the defendant was denied his statutory right to appear before the Grand Jury. Defendant maintains that the People were aware of his desire to testify since he gave both written and oral notice, but in *645 spite of this, he was deprived of his opportunity to appear by virtue of the fact that the District Attorney presented his case at the close of day without giving him a further opportunity to testify.
The District Attorney, in turn, contends that the defendant was offered a reasonable opportunity to present his case and refused to do so based on the waiver of rights by substitute counsel.
The facts indicate that the case was originally set down for July 26, which was the day prior to the CPL 180.80 termination. Since defendant was arraigned on July 22, this gave him four days to confer with his counsel. Defendant’s attorney must have felt that this was a reasonable length of time since he accepted this date.
On that day, as per agreement, the District Attorney began to present defendant’s cases. Upon being informed by Ms. Morgan that original counsel was unavailable, the District Attorney adjourned both cases on the understanding that Ms. Morgan had waived CPL 180.80 restriction.
The following day substitute attorney, Susan Wetzel, initially indicated that the defendant would "likely” waive CPL 180.80 in order to permit Mr. Johnson to appear. Late in the day, the substitute counsel advised the People that Mr. Johnson was still on trial and further indicated that defendant would not waive the time restrictions for another day. The People then sent defendant’s case to the Grand Jury and indictments were returned.
In considering these actions, this court must start with the original agreement on July 22. Two legal problems arose at that time. The first was the fact that defendant’s counsel desired to have his client testify expeditiously before the Grand Jury (CPL 190.50) and the second was the People’s reluctance to waive CPL 180.80 rights in light of the fact that defendant was charged with several armed robberies. The matter was settled with a normal courtroom compromise by selecting July 26. This date resolved both problems and denied the defendant none of his rights.
The subsequent adjournment by Ms. Morgan preserved the status quo and adjourned the case to the following day (July 27th).
On the following day Ms. Wetzel advised the People that Mr. Johnson was still on trial and would not waive defendant’s CPL 180.80 rights. In essence, defendant’s counsel was *646 unilaterally changing the agreement originally made and seeking to obtain a CPL 180.80 advantage. The District Attorney refused to accept this modification and concluded that defense counsel’s actions were a waiver of defendant’s rights to testify before the Grand Jury.
Ill
APPLICABLE LAW
It is clearly established that once statutory notice had been given by a defendant of his desire to testify before the Grand Jury, the District Attorney must accord that person "a reasonable time to exercise his right to appear as a witness therein” (CPL 190.50 [5] [a]). Further, case law permits the District Attorney and defense counsel leeway in setting the date for such a hearing, even to the extent of departing " 'from the statutorily prescribed procedure’ ”, if the parties " 'chose to chart their own course’ ” (People v Patterson, 189 AD2d 733). In the present case, it is obvious that the District Attorney selected the date to preserve his CPL 180.80 rights and defense counsel agreed to such date to protect his client’s CPL 190.50 rights. Thus, the date was the product of dual considerations.
The subsequent adjournment by Ms. Morgan served two purposes, it confirmed the original understanding and showed that the District Attorney recognized his obligation of "fair dealing to the accused” (People v Pelchat, 62 NY2d 97, 105). On the following day, the People kept the matter open until the close of day. When informed that original counsel was still currently unavailable and there would be no further CPL 180.80 extensions, the District Attorney was faced with a late-hour dilemma. Was he legally obligated to ignore the original agreement and consent to an indefinite adjournment (particularly when there appears to be no discussion of a substitute counsel to represent the defendant) or could he consider that counsel had terminated the original agreement and waived defendant’s rights to appear before the Grand Jury? The District Attorney chose the waiver theory and the question is now raised, was he legally correct in his course of action?
The defendant supports his position by arguing that the District Attorney would have agreed to a further adjournment if it were not for the CPL 180.80 deadline. He reasons that the People "must act in continuous good faith” (People v Martinez, 111 Misc 2d 67, 70) to preserve a defendant’s right to appear *647 before the Grand Jury and since no legal effect should be given "to the practical difficulties the prosecution may encounter in satisfying its obligations under CPL 180.80” (People v Evans, supra, at 414), good faith demanded a further adjournment.
In considering the impact of CPL 180.80, it must be first noticed that the Evans trio of cases concerned situations in which the District Attorney deliberately rushed cases to the Grand Jury for the purpose of preserving the People’s CPL 180.80 rights. Once indictments had been secured in those cases, an opportunity was then offered defendant to delay the filing of those indictments until the defendant could testify. The Court of Appeals in People v Evans (supra) ruled that CPL 190.50 (5) grants the defendant the right to testify before the Grand Jury votes and held that the District Attorney’s actions were improper. Basically, then, the defendant in that case was denied a fair opportunity to testify before an impartial Grand Jury in order to satisfy CPL 180.80.
As for the Evans court views on CPL 180.80, it simply stated (at 414) "Nor should we give legal effect to the practical difficulties the prosecution may encounter in satisfying its obligations under CPL 180.80”. In summary, the Court simply pointed out that the District Attorney might not utilize CPL 180.80 as a reason for denying a defendant his legal right to testify before a Grand Jury.
IV
CONCLUSIONS
This court finds that the present case stands on a different factual basis than the Evans case (supra) and concludes that the substitute attorney’s actions resulted in a waiver of defendant’s Grand Jury rights.
In this case, the facts indicate that a dual understanding was entered into. Both sides agreed on a date which would preserve the People’s CPL 180.80 rights. When the defendant’s substitute attorney refused to renew the entire agreement, the People were justified in regarding this as a termination of defendant’s desire to appear and regarded it as a waiver. Further, the waiver view is reenforced by the fact that the substitute attorney refused to discuss if alternate counsel should assist defendant but simply sought to delay the case without suggesting a new date. In People v Ferrara (99 AD2d 257, 261), a case similar to the present one in that it involved *648 multiple adjournments and appearance of substitute counsel, the Appellate Division, Second Department, held: "The statute does not require the District Attorney to defer presentation of a case to the Grand Jury indefinitely or for an extended period because counsel chosen by a defendant is engaged in another case, particularly where, as here, the defendant has other counsel available to him.”
Finally, the defendant urges that the People failed to act in continuous good faith. This argument lacks substance. It is clear in this case that the defendant’s counsel, possibly unaware of prior negotiations, refused to waive CPL 180.80 and thus sought a benefit not originally contemplated by either side; if there was a violation of the duty of good faith, it would appear to be on the defendant’s part and not on the People. Surely, the doctrine of fairness at the Grand Jury level applies to both sides and not only to the People.
Defendant maintains that the instant case falls under the Evans mandate. On the contrary, it is a reverse Evans situation. In Evans (supra), the District Attorney sought to gain a CPL 190.50 advantage by improperly utilizing CPL 180.80; in this case defendant is seeking the benefit of CPL 180.80 by improperly using CPL 190.50. Just as the People cannot use CPL 180.80 as an excuse for denying the defendant his Grand Jury rights, so the defendant cannot link CPL 180.80 and 190.50 together and then arbitrarily delay one aspect of that agreement to reap the benefit of the other. Obtaining an advantage in such a way has not been encouraged by our courts. In People v Davis (49 NY2d 114, 119), the Court of Appeals specifically voiced its displeasure with acts that suggest a party "was [seeking by] stratagem to procure an otherwise impermissible procedural advantage” (see also, People v Firestone, 111 AD2d 696, 699).
It might be argued that the District Attorney should have sought a court order granting a CPL 180.80 delay (see, People v De Jesus, 148 Misc 2d 198). This would have been impracticable due to the late hour and the fact that the original attorney was not present.
Under all the circumstances then, the District Attorney was justified in concluding that the attorney was valuing defendant’s CPL 180.80 rights to an early release as the primary goal and ignoring the rest of the agreement. This being so, the District Attorney was under no duty to grant further extension and could revert to the last mutually accepted date which *649 was July 27 and which still had an hour to run until close of court. Further, defendant’s counsel was aware that her client had every opportunity to testify before this Grand Jury if he simply indicated a desire to be heard. Therefore, this court finds that the breach of the original agreement by defendant’s counsel to secure a possible CPL 180.80 advantage constitutes a waiver of defendant’s CPL 190.50 Grand Jury rights (see, People v Helm, 69 AD2d 198, affd 51 NY2d 853; People v Jackson, 134 AD2d 521, lv denied 70 NY2d 956).
Since defendant has waived his Grand Jury rights, the motion to dismiss both indictments pursuant to CPL 190.50 (5) (c) is denied.