*901 OPINION OF THE COURT
Albert D. Koch, J.
The defendant moves for an inspection of the Grand Jury minutes and for a dismissal of the indictment. This court has read the Grand Jury minutes of this case as well as the Grand Jury minutes of People v Kitchings (indictment No. 2441/95) and finds that the indictment in this case must be dismissed.
FACTS
The defendant was indicted for coercion in the first degree, intimidating a witness in the third degree and aggravated harassment in the second degree. These charges arise from allegations that the defendant threatened a complaining witness in a case against her boyfriend, People v Kitchings (indictment No. 2441/95, supra). In his case, Wayne Kitchings was indicted for a number of robberies and a count of coercion in the first degree for allegedly threatening a complaining witness in one of the robbery cases. The evidence in the Kitchings case was presented on March 1, 2, 6 and 15 of 1995. The Grand Jury was charged in that case on March 16, 1995.
On March 2, 1995, when the prosecutor presented the evidence in the case against this defendant, Samantha Osborne, the evidence in the Kitchings case (supra) was incorporated by reference through the following instruction: "ladies and gentlemen, I ask you to remember some of the evidence you heard under Grand Jury number 2441 of 1995, People v Wayne Kitchings. I ask you to remember only some of the evidence, the evidence that pertains to the actual commission of a crime, and apply that evidence with respect to the evidence you are about to hear under this Grand Jury number.”
During the initial charge to the Grand Jury in this case on March 8, 1995, the prosecutor asked whether there were 12 or more jurors who had heard all of the testimony in the earlier case of People v Kitchings (supra). The Grand Jury answered affirmatively. The prosecutor did not inquire as to the specific dates. Prior to the charge the prosecutor again incorporated the evidence from the Kitchings case: "I ask you also to remember and apply facts that you heard from the testimony of Mr. Bruce Lilley regarding People of the State of New York versus Wayne Kitchings, Grand Jury number 2441 of 1995, for the sole purpose of establishing in your minds, if you do come *902 to this conclusion, that a crime was committed by Wayne Kitchings against Mr. Lilley.”
The prosecutor then charged the Grand Jury on the law. The Grand Jury voted and filed a true bill for coercion in the first degree and intimidating a witness in the third degree.
On March 24, 1995 the prosecutor superseded the original indictment by instructing the Grand Jury to disregard its earlier vote, recharging the Grand Jury with respect to the two counts they had already voted on, and adding a charge of aggravated harassment in the second degree. On this date, no mention was made of the Kitchings case (supra), nor was it established whether any of the grand jurors had heard any of the evidence in that case. The Grand Jury then voted a true bill on the indictment now before the court.
DISCUSSION
The court finds that the prosecutor’s incorporation of the evidence in the Kitchings case (supra) requires reversal for several reasons. First, it is unclear who, if anyone, was familiar with the testimony. A valid Grand Jury indictment requires that at least 12 jurors who have heard all the essential and critical evidence have voted to indict (People v Bronfman, 199 AD2d 889). In this case, there is no showing that any of the jurors who ultimately voted to indict the defendant heard the evidence in the Kitchings case. This mandates dismissal pursuant to CPL 210.35.
Second, the instructions were vague as to what testimony was to be incorporated. At no time was the Grand Jury instructed to apply testimony from any specific dates regarding the Kitchings case (supra). Because the case was ongoing, it is conceivable that the testimony occurring after the instruction was applied. Moreover, the instruction itself — "I ask you to remember only some of the evidence, the evidence that pertains to the actual commission of a crime” is somewhat enigmatic because, presumably, all the evidence presented to a Grand Jury pertains to the commission of a crime.
Finally, it is unclear if the incorporated evidence was meant to be introduced at all. On the date of the final charge, no mention was made of the Kitchings case (supra). If this was an attempt by the prosecutor to withdraw prejudicial material from the Grand Jury, the attempt runs afoul of this court’s decision in People v Bannister (162 Misc 2d 509).
Accordingly, the court finds that in this case the confusion *903 created by the references to "some” of the testimony from another case prevents a fair review of whether or not the defendant was prejudiced by the presentation. Because the possibility of prejudice remains, the indictment is dismissed. The People are granted leave to re-present.