■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ALLAH DURAN, Respondent. [697 NYS2d 343] —Appeal by the People from an order of the Supreme Court, Kings County (Hubsher, J.), dated November 18, 1998, which granted the defendant's motion to dismiss the indictment.

Ordered that the order is reversed, on the law, the motion is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

The defendant served a notice to testify before the Grand Jury pursuant to CPL 190.50 (5) (a), but later withdrew that notice. After the Grand Jury voted a true bill on all of the counts submitted, but before the indictment was filed, the defendant indicated that he now wished to testify. Defense counsel informed the court that the defendant wanted to testify, explaining that since the defendant had withdrawn his original request and since, "[n]othing was done unlawfully" by the prosecutor in proceeding with the vote, "this defendant will testify before that same Grand Jury".

In accordance with the defendant's request, the prosecutor instructed the Grand Jury to disregard its prior vote. The defendant then testified and the Grand Jury again voted to indict him.

Some six weeks after he was arraigned on the indictment,

the defendant moved for dismissal, arguing, *inter alia*, that the integrity of the Grand Jury proceedings had been impaired because he had allegedly been deprived of his right to testify prior to the Grand Jury vote (*see, People v Evans,* 79 NY2d 407). The Supreme Court granted the defendant's motion. We reverse.

We agree with the People that the defendant's motion is properly viewed as one alleging a violation of his statutory right to appear before the Grand Jury within the meaning of CPL 190.50 (5) (c) (*People v Evans,* 79 NY2d 407, 410, *supra; see also,* CPL 210.35 [4]). When so viewed, the motion was untimely, since it was not made within five days of his arraignment on the indictment (*see,* CPL 190.50 [5] [c]; *see also, People v Obee,* 232 AD2d 430). In any event, the defendant was not entitled to appear before a new Grand Jury. The Court of Appeals has observed that, "[b]y providing timely notice *reasonably prior to Grand Jury presentation and vote,* defendants establish their statutory right to testify *before a vote is taken,* assuming, of course, that any failure to afford these individuals a prevote appearance is not attributable to defendants themselves" (*People v Evans, supra,* 79 NY2d, at 415 [emphasis added]).

Here, the defendant withdrew his original notice and did not renew his request to testify until after the presentation and vote had been completed. Moreover, defense counsel consented to the defendant's postvote appearance before the original Grand Jury. Under these circumstances, the defendant failed to "establish [his] statutory right to testify before a vote is taken" (*People v Evans, supra,* at 415; *see also, People v Dillard,* 160 AD2d 472; *People v Young,* 138 AD2d 764; *cf., People v Cade,* 74 NY2d 410, 415). Thompson, J. P., Joy, McGinity and Feuerstein, JJ., concur.