OPINION OF THE COURT
Joseph S. Silverman, J.
Defendant, Adelberto Padin, moved this court, pursuant to CPL 190.50, for an order dismissing the indictment on the ground that he was denied his right to testify before the Grand Jury.
*975 The defendant was arrested for robbery in the first degree and other related charges on December 13, 1999. At the time of his arraignment on December 17, 1999 in Criminal Court on the felony complaint, defense counsel served on the People cross CPL 190.50 notice indicating that defendant wished to testify before the Grand Jury. The People refused the cross notice stating the case had already been presented to the Grand Jury and an indictment had already been voted and filed. The court transferred the case to Supreme Court for defendant to be arraigned on the indictment.
Defendant moved this court for an order dismissing the indictment, pursuant to CPL 190.50, on the ground that he was denied the opportunity to testify before the Grand Jury. Pursuant to this court’s decision dated February 28, 2000 the matter was set down for a hearing to determine the following questions: When was the indictment filed? When was defendant arraigned? When did defendant try to serve reciprocal CPL 190.50 notice?
Defendant states that at the time of his arraignment, he served the People with written cross CPL 190.50 notice and informed the court of his desire to testify. The People refused acceptance of the notice stating that the indictment had already been filed and the notice was untimely. ■
Defendant argues that his cross CPL 190.50 notice was in fact timely served. He avers that at the time of his arraignment, which was during the day on December 17, 1999, the indictment had not as yet been filed. Defendant contends that the indictment was not filed until later that.evening at 7:31 p.m., as evidenced by the date and time stamped on the indictment by the Supreme Court Clerk. Defendant argues that the People’s actions denied him his right to testify before the Grand Jury.
The People oppose this motion on the ground that defendant’s service of cross CPL 190.50 notice was untimely. The People state that the indictment was filed with the court on December 17, 1999 at 12:46 p.m., as evidenced by the date and time of filing stamped on the indictment by the Grand Jury Warden. The People argue that the indictment having already been filed by the time of defendant’s arraignment, during the afternoon session of December 17, 1999, his reciprocal CPL 190.50 notice was untimely. The People further argue that submission of the indictment to the Grand Jury Warden satisfies the CPL 190.50 (5) (a) requirement of filing an indictment with the court. To support this argument the People direct the *976 court’s attention to a memorandum issued in 1986 by former Administrative Judge Leonard E. Yoswein which sets forth the procedure for the filing of indictments in Kings County. The memorandum designated the Grand Jury Warden as the officer of the court designated to receive an indictment for filing.
The right to testify before a Grand Jury is not an absolute or inherent right, nor is it a “fundamental right” set forth by the Constitution or by the Supreme Court. (CPL 190.50 [1]; People v Fox, 175 Misc 2d 333.) CPL 190.50 sets forth under what circumstances a defendant must be notified of a Grand Jury proceeding against him and when he has the right to testify before a Grand Jury. The Court of Appeals has held that a defendant who hás served notice on the People that he wishes to testify before the Grand Jury has the right to testify at any time prior to the filing of the indictment with the court. (People v Evans, 79 NY2d 407.) Even after a Grand Jury has voted to indict, the proceedings must be reopened to allow the defendant to testify if the prosecution received written notice before the indictment is filed.
The court is unable to determine the exact time defendant was arraigned and when he served the notice on the People. However, the court reporter for that day provided this court an affidavit stating that the defendant was arraigned in day court on December 17 during the afternoon session. The afternoon session was held between 2:30 p.m. and 5:00 p.m. Defense counsel concedes that defendant was arraigned during the afternoon session of the Criminal Court arraignments.
Whether the People satisfied their obligation to file the indictment when they filed it with the Grand Jury Warden seems to be a question of first impression. Pursuant to CPL 190.65 (3), which directs the foreman of a Grand Jury to file a voted indictment “with the court,” the court has the authority to set the procedures for filing of same. Accordingly, former Administrative Judge Leonard E. Yoswein set forth the procedure for filing of an indictment by designating the Grand Jury Warden as the officer of the court designated to receive an indictment for filing. This is the controlling procedure for all cases in Kings County. When the foreman filed the indictment with the Grand Jury Warden the People were in compliance with the rules set by the court. The People cannot be bound by the actions of the Grand Jury Warden. They have no control over when the Grand Jury Warden files the indictment with the Supreme Court Clerk; he works for the court and not the District Attorney’s office. Hence, filing the indictment with the *977 Grand Jury Warden satisfied the requirements of CPL 190.50, and this court finds that the indictment was filed at 12:46 p.m., when it was filed with the Grand Jury Warden. The defendant having been arraigned after 2:00 p.m. in the afternoon session of Criminal Court arraignments which was after the indictment was filed his cross CPL 190.50 notice was untimely served.
For the above reasons this court denies defendant’s motion to dismiss the indictment.