People v Ambrosini (2022 NY Slip Op 22054)

People v Ambrosini

2022 NY Slip Op 22054 [74 Misc 3d 83]

Accepted for Miscellaneous Reports Publication

 Supreme Court, Appellate Term, Second Department, 9th and 
10th Judicial Districts

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, April 13, 2022

[*1]

The People of the State of New York, Respondent,
v
Zachary P. Ambrosini, Appellant.

Supreme Court, Appellate Term, Second Department, 9th and 10th Judicial Districts, February 3, 2022

APPEARANCES OF COUNSEL

Lavallee Law Offices, PLLC (Keith A. Lavallee of counsel) for appellant.
Suffolk County Traffic Prosecutor's Office (Justin W. Smiloff of counsel) for respondent.

{**74 Misc 3d at 84} OPINION OF THE COURT

Memorandum.

Ordered that the judgment convicting defendant of driving at an unreasonable and imprudent speed is reversed, on the{**74 Misc 3d at 85} law, and the accusatory instrument charging that offense is dismissed; and it is further ordered that the judgment convicting defendant of driving without wearing a seat belt is affirmed.
Defendant was charged in two simplified traffic informations with, respectively, driving at an unreasonable and imprudent speed (Vehicle and Traffic Law § 1180 [a]), and driving without wearing a seat belt (Vehicle and Traffic Law § 1229-c [3]). Prior to the start of a nonjury trial, defendant's trial attorney orally moved to dismiss the accusatory instrument on the ground that defendant's statutory right to a speedy trial (CPL 30.30) had been violated and on the ground that he had belatedly received materials in violation of CPL 245.10 (1) and Brady v Maryland (373 US 83 [1963]). The People opposed the motion without raising any procedural issues, which motion the District Court denied. Following the trial, defendant was convicted of the [*2]charges and sentenced. On appeal, defendant contends that the District Court improperly denied his motion; that the evidence was legally insufficient; that the verdicts were against the weight of the evidence; and that the sentence on his conviction for driving at an unreasonable and imprudent speed was unduly harsh.
[1] Defendant contends that his motion to dismiss on the ground that he had belatedly received Brady material should have been granted because CPL 245.10 (1) (a) (iii) required the People to provide him with all Brady material no later than 15 days before the trial, and it is uncontroverted that such material was provided to the defense on the day of trial. We find that any Brady issues were resolved, as the District Court provided defendant with an appropriate remedy, pursuant to CPL 245.80 (1), by offering to delay the trial so that counsel could review the materials and talk to defendant.
[2] Defendant also contends that the District Court should have granted his motion to dismiss the accusatory instruments on statutory speedy trial grounds as 35 days of delay are chargeable to the People. Pursuant to the 2020 amendments to CPL 30.30, the 30-day time period of CPL 30.30 (1) (d) only applies if (1) the accusatory instrument accuses defendant of one or more offenses, (2) one or more of the offenses is a violation, and (3) no offense is a crime. Although CPL 30.30 (1) (e) provides that a traffic infraction is an offense, and Vehicle and Traffic Law § 155 provides that a traffic infraction is not a crime, Penal Law § 10.00 (3) defines a violation as "an offense, {**74 Misc 3d at 86}other than a 'traffic infraction.' " Consequently, as the statutory speedy trial requirements of 30.30 (1) (d) would not apply here, even if retroactive, the District Court properly denied defendant's oral motion to dismiss the accusatory instruments.
[3] Vehicle and Traffic Law § 1180 (a) provides that "[n]o person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing." Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), and indulging in all reasonable inferences in the People's favor (see People v Ford, 66 NY2d 428, 437 [1985]), we find that the evidence was legally insufficient to establish defendant's guilt, beyond a reasonable doubt, of driving at an unreasonable and imprudent speed in violation of Vehicle and Traffic Law § 1180 (a). In the case at bar, the police officer provided absolutely no testimony regarding any "condition" or any "actual and potential hazards" which existed at the relevant time. Since no evidence was provided upon which a determination could be made as to whether defendant's alleged driving of the vehicle at 78 miles per hour was greater than reasonable and prudent, the evidence is legally insufficient to establish defendant's guilt of the charge beyond a reasonable doubt.
Defendant's contention with respect to the legal sufficiency of the evidence as it relates to the driving without a seat belt charge is unpreserved for appellate review as he failed to raise this argument at trial (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 491-492 [2008]; People v Hines, 97 NY2d 56, 61 [2001]; People v Gray, 86 NY2d 10 [1995]), and we decline to review this contention in the interest of justice. Nevertheless, as there is no preservation requirement associated with defendant's contention that the verdict was against the weight of the evidence, this court necessarily determines whether all of the elements of the offense charged were proved beyond a reasonable doubt as part of its weight of the evidence review (see People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Thiel, 134 AD3d 1237 [2015]). When conducting an [*3]independent weight of the evidence review (see CPL 470.15 [5]; Danielson, 9 NY3d 342), this court accords great deference to the trier of fact's opportunity to view the witnesses, hear their testimony, observe their demeanor, and assess their credibility (see People v Lane, 7 NY3d 888, 890 [2006]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon a review of the record, we find that the{**74 Misc 3d at 87} verdict convicting defendant of driving without a seat belt was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-646 [2006]), as the police officer clearly testified that he did not observe a seat belt strap across defendant's chest when defendant was pulling his vehicle over, while the vehicle was 10 feet away from the officer.
We pass on no other issue.
Accordingly, the judgment convicting defendant of driving at an unreasonable and imprudent speed is reversed and the accusatory instrument charging that offense is dismissed. The judgment convicting defendant of driving without wearing a seat belt is affirmed.
Driscoll, J.P., Emerson and Voutsinas, JJ., concur.