People v Burgess (2024 NY Slip Op 51696(U))

[*1]

People v Burgess

2024 NY Slip Op 51696(U)

Decided on December 16, 2024

Criminal Court Of The City Of New York, Kings County

Fong-Frederick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 16, 2024
Criminal Court of the City of New York, Kings County

The People of the State of New York,

against
Terry Burgess, Defendant.

Docket No. CR-052452-24KN

People: Kings County District Attorney's Office by David Ingle, Esq. 
Defendant: Adam Bolotin, Esq.

Dale Fong-Frederick, J.

At the December 13, 2024, calendar call, the defendant, Terry Burgess, moved for release on his own recognizance due to the People's failure to comply with their discovery obligation to disclose certain evidence prior to the defendant's testimony before the Grand Jury in this criminal action and for the People's failure to provide the defendant with a specific time slot to testify in the Grand Jury. The People opposed the application.
For the reasons set forth on the record on December 13, 2024, and more fully discussed below, the defendant's motion is denied.
The defendant was arrested on December 9, 2024, at approximately 2:35 p.m. for an incident alleged to have occurred on November 9, 2024. He was arraigned in lower Criminal Court on December 10, 2024, on the instant felony complaint charging him with Attempted Murder in the Second Degree (PL §110/125.25[1]) and other related charges. At the defendant's arraignment, the People served him with notice pursuant to CPL §190.50 to testify before the Grand Jury on December 13, 2024, at 1:00 p.m. The defendant then served reciprocal notice pursuant to CPL §190.50(5)(a) of his intention to testify before the Grand Jury at the noticed time. The arraignment court ordered the defendant held in custody on a monetary securing order, and the criminal action was adjourned to December 13, 2024 ("180.80 date"), for further proceedings.
On the 180.80 date, the defendant appeared before this Court, where he reaffirmed his intention to testify before the Grand Jury and moved for immediate release on his own recognizance. The defendant asserted that the People failed to comply with their discovery obligations pursuant to CPL §245.10(1)(c). The defendant argued that he had not received all written or recorded statements at least forty-eight hours before the notified time to appear before the Grand Jury. The defendant contended that on December 11, 2024, he received a video statement that was recorded on December 9, 2024. The defendant asserted that on the 180.80 [*2]date, the People belatedly served another video statement that had originally been recorded on November 9, 2024, well before his arrest. He posited that the People's failure to timely disclose all statements mandated his immediate release, since the People violated the defendant's CPL §190.50 rights by failing to meet their discovery obligations pursuant to CPL §245.10(1)(c) and thereby mandating release pursuant to CPL §180.80. In further support of the application for release, the defendant also argued that he did not receive proper notice of the time slot to testify in the Grand Jury on the 180.80 date.
The People opposed the defendant's application in all respects and argued that they were diligent and fulfilled their discovery obligations. The People reasoned that they disclosed the statement taken on the date of the arrest within the statutorily required time. The People further argued that the purported statement taken on November 9, 2024, was not a statement taken by the police, but was a recording made during the investigation at the scene of the incident. Finally, the People contend that the motion to release the defendant is premature, as they have until the end of business on December 13, 2024, to indict the defendant and, as is the customary practice in Kings County, the defendant would testify immediately after the calendar call.
When a defendant, charged by felony complaint, has served reciprocal notice of his intention to testify before the Grand Jury pursuant to CPL §190.50(5)(a), a defendant is entitled to timely disclosure of certain evidentiary materials prior to testifying before the Grand Jury. Specifically, the law provides that the People must disclose to a defendant any statements made by the defendant or co-defendant at least forty-eight hours before the time noticed to testify before the Grand Jury (CPL §245.10[1][c]; see also CPL §245.20[1][a]) to ensure that the defendant has a reasonable amount of time to review the materials and prepare, with his attorney, to testify before the Grand Jury.
A local criminal court is vested with preliminary jurisdiction when a felony complaint is used to initiate a criminal action therein (CPL §1.20[8]; People v Bartley, 83 Misc 3d 867 [Crim Ct Kings County 2024]). The local criminal court maintains preliminary jurisdiction until the superior court is vested with trial jurisdiction either by indictment filed by the Grand Jury or by superior court information filed by the District Attorney (CPL §210.05). Preliminary jurisdiction permits the local criminal court to conduct proceedings with respect to the felony complaint that will lead to the prosecution and final disposition of the action in a superior court having trial jurisdiction once an indictment is filed in superior court (CPL §1.20[25]). A Grand Jury is impaneled by a superior court and constitutes a part of the superior court (CPL §190.05). The Criminal Court of the City of New York is only vested with trial jurisdiction over misdemeanor crimes and offenses of a grade less than a misdemeanor (CRC §31). Since a Grand Jury proceeding constitutes part of the superior court, it does not fall within the preliminary or trial jurisdiction of a local criminal court, which includes New York City Criminal Court, but instead rests exclusively in the jurisdiction of the superior court (CPL §190.05), which includes New York State Supreme Court (CPL §§1.20[20]; 10.10[2]).
In addressing the People's failure to comply with their discovery obligations, the Court of Appeals held that the trial court must (1) accept the concept of imperfect prosecution, (2) examine the People's due diligence in their efforts to comply with their discovery obligations, and (3) apply proportional remedial measures in addressing any potential discovery violation (People v Bay, 41 NY3d 200 [2023]; see also CPL §245.80[1]). Indeed, even if no prejudice should arise, the aggrieved party is entitled to an extension of time to address any belatedly disclosed discovery (CPL §245.80[1]).
Thus, trial courts must weigh the efforts taken by the People to satisfy their obligations under CPL §245.10(1)(c) to determine if those efforts were diligent and reasonable under the circumstances. Where the People have belatedly disclosed discoverable material, the trial court shall impose a remedy or sanction, within the scope of its authority, that is proportional to any prejudice caused by that delay in disclosure (CPL §245.80[1]). The local criminal court has no authority to review any part of the Grand Jury proceedings to determine if a discovery violation occurred or impose remedies or sanctions appropriate if the People violated their discovery obligations required by CPL §245.10(1)(c). A lower criminal court cannot review the impact of belated discovery on the defendant's ability to testify in the Grand Jury, impose any sanctions on the People in the Grand Jury, or extend the time to testify in the Grand Jury as a remedial measure in response to a discovery violation. The analysis of the due diligence in meeting discovery obligations in the Grand Jury proceedings rests solely in the jurisdiction of the superior court (CPL §190.05). Concomitantly, any proportional remedy or sanction for the People violating their Grand Jury discovery obligations is properly addressed to the superior court, which has exclusive jurisdiction over the Grand Jury proceedings (CPL §§1.20[20]; 10.10[2]; 190.05; see also CPL §245.80[1]), and felony trials (see CPL §§1.20[24] & 210.05), and not the lower criminal court (CPL §1.20[21]; CPL §1.20[24]; see also CRC §31).
Even when a discovery violation does not result in prejudice, CPL §245.80(1) provides that the court shall extend the aggrieved party reasonable time to prepare and respond to the belated discovery (see e.g. People v Ambrosini, 74 Misc 3d 83 [App Term, 2d Dept 2022] [the court's offer to delay trial was a sufficient remedy for later disclosure]; People v Waksal, 75 Misc 3d 129[A] [App Term, 2d Dept 2022] [extensions of time at trial is an appropriate remedy for late disclosure]). Lower criminal court has no express statutory authority to extend the time for discovery when there is a violation of CPL §245.10(1)(c) discovery obligations in the Grand Jury. The lower criminal court's authority to extend the time for a Grand Jury presentation is limited to that power granted under CPL §180.80 to extend the time to present evidence when delay is occasioned by the defendant (CPL §180.80[1]), or when the People establish good cause for the extension of time to present evidence to the Grand Jury (CPL §180.80[3]).
This Court is unaware of any controlling authority from the Appellate Courts on this specific issue but is aware that other lower courts have grappled with this issue and reached different results in cases such as People v Weston, (66 Misc 3d 785 [Crim Ct, Bx Co 2020]) and People v McMillian, (71 Misc 3d 374 [Crim Ct, Bx Co 2021]).[FN1]

In People v Weston, the lower criminal court held that release pursuant to CPL §180.80 is not an appropriate remedy for a violation of CPL §245.80(1). This Court agrees with the conclusion of the Weston court to the extent that the obligations and remedies of Article 245 of the CPL are separate from the obligations and remedies of CPL §180.80, and remedies for violations of discovery under Article 245 of the CPL are not applicable to CPL §180.80 violations. However, this Court disagrees with the rationale that the lower criminal court may examine the efforts of the People to satisfy their discovery obligations in the Grand Jury.
In contrast, in People v McMillian, another lower criminal court held that where the [*3]People fail to disclose discovery pursuant to CPL §245.10(1)(c), the defendant must be released pursuant to CPL §180.80, unless the People secure further detention by conducting a preliminary hearing pursuant to CPL §180.60. This Court disagrees that an examination of discovery compliance in the Grand Jury is within the scope of the lower criminal court or that the defendant's automatic release is the appropriate remedy. 
McMillian predates the Court of Appeals decision in People v Bay (41 NY3d 200 [2023]), which is clear in its holding that the court must conduct a case-by-case evaluation of the People's due diligence in their efforts to comply with discovery obligations (Bay, at 212). Further, if sanctions are warranted, they must be proportional to the prejudice suffered by the defense (Bay, supra; see also CPL §245.80[1]). Such an examination would necessitate a review of the Grand Jury proceedings, the impact on the defendant's ability to testify, any appropriate sanction, and an extension of time to prepare after receiving the belated discovery. McMillian does not address the lower criminal court's authority to address such issues, which authority this Court believes to be in the sole jurisdiction of the superior court (CPL §§1.20[20]; 10.10[2]; 190.05).
Moreover, McMillian's holding, that any failure to disclose discovery at least 48 hours prior to the defendant's time to testify in the Grand Jury mandates his release, would impermissibly reduce the People's statutory time to present a case to the Grand Jury any time the People fail to disclose evidence regardless of their due diligence. Such a strict liability result could not be the legislative intent in addressing felony offenses. Even in light of the decision in People v Evans (79 NY2d 407 [1992]), which held that the defendant must be released when his ability to testify in the Grand Jury is impaired by the failure of the custodial agency to produce him to testify, the People are still afforded the full 144 hours to produce the defendant to testify. Although in practice, the People often concede the defendant's release prior to the statutorily allotted time under CPL §180.80, nothing in the holding of Evans truncates the statutory time granted under CPL §180.80. Thus, even if the lower court had such authority, considering the holding in Bay, this Court disagrees with the strict liability sanction held by the McMillian court.
It is well settled law that the defendant's right to testify in the Grand Jury must be protected, and that such a decision is an enormous strategic decision that carries tremendous implications for the future of the criminal action and, indeed, for the defendant's very future (People v Hogan, 26 NY3d 779 [2016]). Deciding whether to testify in the Grand Jury cannot be left to whim or caprice. Defense attorneys, in consultation with their clients, must make a reasoned, thoughtful analysis of the evidence, available legal defenses, potential trial strategies, and of no small significance consider the defendant's potential as a credible or impeachable witness should he take the stand at any point in the criminal action. Preparation of the defendant to testify in the Grand Jury proceeding can be arguably more significant than preparing to testify at trial. In the Grand Jury, the time to prepare to testify is limited and the defense counsel cannot interject in the Grand Jury. Testifying poorly in the Grand Jury could foreclose potential legal defenses and the defendant's ability to testify at trial. At trial, a defense attorney can strategically object to questions and help to protect her client from perceived improper questioning. Thus, belated discovery in the Grand Jury could have tremendous prejudicial implications and any imposed sanctions must be appropriately determined (CPL §245.80[1]), on a case-by-case basis (Bay, supra).
The decision in People v Evans (79 NY2d 407 [1992]), mandates the lengths lower criminal courts must go to in order to protect the defendant's right to testify to the Grand Jury. [*4]According to Evans, if the defendant is unable to testify before the Grand Jury, even through no fault of the People, then he must be released. It is not enough that the Grand Jury hear from him after they have voted. Rather, the defendant must be afforded the right to testify before the Grand Jury vote. Evans relies upon the authority granted to lower criminal court to hold, or release, a defendant on a felony complaint pursuant to CPL §180.80.
Unlike Evans, under the existing discovery law, there are no remedies clearly afforded to lower criminal court under Article 245 of the CPL to protect the defendant's right to testify in the Grand Jury when there are purported violations of the discovery obligations under CPL §245.10(1), before the vote of the Grand Jury. Lower criminal court does not even have the authority to extend time to review belated discovery under CPL §180.80 or CPL §245.70 absent the defendant's consent or the People's request. The lower criminal court cannot review the Grand Jury proceedings, including whether the People complied with their discovery obligations in the Grand Jury. The lower criminal court cannot issue sanctions or remedies that would impact the Grand Jury. The lower criminal court cannot impose a sanction that would impact the superior court trial jurisdiction. All that exists when the defendant raises a CPL §245.10(1)(c) discovery violation is for the defendant to request an extension of time under CPL §180.80 to review the belated discovery or withdraw his intention to testify in the Grand Jury. This is a pyrrhic victory for the defendant who establishes a discovery violation, who must either exchange his freedom for the opportunity to review belated discovery and make an informed decision on whether to testify in the Grand Jury or, he may choose to surrender his right to testify before the Grand Jury altogether and proceed with a timely Grand Jury presentation without reviewing the belated discovery. Simply put, the legislative scheme presents no express authority for the lower criminal court to protect the defendant's right to testify before the Grand Jury prior to their vote (see Hogan, supra; Evans, supra). Any remedy must be sought in a superior court either before or after the defendant testifies (CPL §190.05; CPL §190.50[5][c]).
In the instant case, the defendant was arrested at approximately 2:35 p.m. on December 9, 2024, and held in custody on a monetary securing order at his arraignment on the following day. The People had until the end of business on December 13, 2024, to file a certificate of indictment or the defendant must be released from custody (CPL §180.80). At the arraignment, the People served notice of their intention to present the charges to a Grand Jury, the defendant served reciprocal notice of his intention to testify before that Grand Jury, and the People's statutory discovery obligations in the Grand Jury proceeding pursuant to CPL §245.10(1)(c) were triggered.
Although the defendant now contends that the People have failed to meet their Grand Jury discovery obligations, this Court, being a lower Criminal Court, has no authority to hear a challenge regarding any Grand Jury matter (CRC §31; CPL §190.05). Any challenge to the People's discovery obligations must be raised in Supreme Court, where exclusive jurisdiction over the Grand Jury and its proceedings rests (CPL §§1.20[20]; 10.10[2]; 190.05). Accordingly, the defendant's request to be released for the People's failure to meet their obligations pursuant to CPL §245.10(1)(c) is denied as outside of the jurisdiction of the lower criminal court.
Since the defendant moves for his release pursuant to CPL §180.80 prior to the end of business on December 13, 2024, his application is denied as premature.
To the extent that the defendant argues that he did not receive proper notice of the time to testify in the Grand Jury, his application is denied. Such a challenge is properly raised after the defendant is arraigned on a new accusatory instrument as voted by the Grand Jury (CPL [*5]§190.50[5][c]) and is denied as premature.
Accordingly, the defendant's request to be released on his own recognizance pursuant to CPL §180.80, as a sanction for the People's purported failure to comply with their discovery obligations pursuant to CPL §245.10(1)(c) or due to a purported CPL §190.50 violation is denied.
This constitutes the decision and order of the court.
Dated: December 16, 2024
Kings County, New York
Hon. Dale Fong-Frederick

Footnotes

Footnote 1:This Court is aware that there are several other cases that cite Weston and McMillian in their analysis, only the two leading cases are addressed in this decision as they encompass the two competing perspectives on the issue addressed in this decision.