(May 25, 1993)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HAWKINS, Also Known as JAMES MASON, Appellant. [598 NYS2d 455] —Judgment of the Supreme Court, New York County (Juanita Bing Newton, J.), rendered June 26 1990,

convicting defendant, after a jury trial, of burglary in the third degree and sentencing him, as a predicate felony offender, to an indeterminate prison term of 2½ to 5 years, unanimously reversed on the law and the indictment dismissed. The matter is remitted to the trial court for the purpose of entering an order in favor of the accused pursuant to CPL 160.50, not less than 30 days after service of this order upon the respondent, with leave during this 30 day period to respondent to move and seek any further stay of the implementation of CPL 160.50 as in the interest of justice is required.

Although the defendant, subsequent to his arraignment, gave written notice pursuant to CPL 190.50 (5) (a) of his election to appear before the Grand Jury, the Grand Jury voted to indict him without having heard him testify in his own behalf; the defendant had been present at the courthouse as the Grand Jury considered the evidence in his case but was not brought from the holding area to the Grand Jury room. A defendant, such as the one at bar, who gives proper notice of his intention to appear before the Grand Jury, must be afforded the opportunity to give his or her testimony in advance of the Grand Jury's vote whether to indict *(People v Evans,* 79 NY2d 407). That opportunity not having been provided the present defendant, his conviction must be reversed and the indictment dismissed *(supra).* As the Court of Appeals has recently observed in addressing circumstances not essentially different from those here at issue, "The failure of the Department of Correction to produce defendants provides no excuse or good cause for the District Attorney's failure to give effect to a properly invoked right under CPL 190.50 (5). Nor should we give legal effect to the practical difficulties the prosecution may encounter in satisfying its obligations under CPL 180.80" *(supra,* at 414). Concur—Murphy, P. J., Milonas, Wallach and Kassal, JJ.