OPINION OF THE COURT
Phyllis Orlikoff Plug, J.
The defendant was arrested on June 4, 1993 and charged, inter alia, with robbery in the first degree. On June 5, 1993, he was arraigned in the New York City Criminal Court, Part AR-3 before Judge Robert McGann. At his arraignment, the People served a notice of their intention to present the matter to the Grand Jury. The defendant served a cross notice that *363 he intended to testify before the Grand Jury. The matter was adjourned to Part AP-6 on June 10, 1993. On that date the defendant, through his attorney, informed the court he still intended to testify. At 2:30 p.m. defense counsel was informed that the People could not arrange an opportunity for the defendant to testify that day. He was subsequently indicted.
The People claim that the defendant was not produced because of Grand Jury congestion caused by a shortage of District Attorney detective investigators and also a shortage of holding cell space. That excuse is not acceptable. Nor is the offer by the People to hold up a vote by the Grand Jury provided the defendant waived his CPL 180.80 rights (People v Evans, 79 NY2d 407 [1992]).
The People must afford a defendant "reasonable time” to exercise the right to appear as a witness at the Grand Jury (People v Evans, supra, at 412, 413). The court cannot give any legal effect to the practical difficulties the prosecution may encounter in satisfying its obligation under CPL 180.80.
Based upon the foregoing, the indictment is dismissed with leave to the People to resubmit to another Grand Jury. Bail is continued.