OPINION OF THE COURT
Smith, J.
The issue here is whether CPL 170.20 (2) (a), which authorizes divestiture of jurisdiction from the local criminal court where an indictment "results” in a superior court prior to the entry of a plea on the accusatory instrument in criminal court, requires filing for operative effect. We hold that, for purposes of removing jurisdiction from the criminal court, filing is not required.
Defendant was arrested on December 1, 1989, after the complainant identified him as the man who, that same day, *640 attempted to unlawfully enter her apartment through a window. In Criminal Court, defendant was charged by misdemeanor complaint with criminal trespass in the second degree and criminal mischief in the fourth degree.
On December 4, 1989 defendant, represented by an attorney, appeared in Criminal Court, Part AR2 for arraignment on the misdemeanor complaint. At this appearance, the Assistant District Attorney commented on defendant’s history of burglaries, his status as a predicate felon, and indicated that he sought an adjournment for presentation to a Grand Jury. On December 7, 1989, the Grand Jury heard evidence in this case and voted an indictment charging defendant with burglary in the second degree. On December 8, 1989, defendant appeared in Criminal Court, Part AP3, where defendant’s attorney sought an offer for defendant. The Assistant District Attorney responded, "The offer on this case is a burglary in the second degree, five to ten years.” Defense counsel noted that defendant was charged with misdemeanors, but the Assistant District Attorney viewed the case as involving a felony. The parties discussed defendant’s parole status and, subsequently, defendant pleaded guilty to criminal trespass in the second degree in satisfaction of the misdemeanor complaint, and received a 90-day sentence.
On December 13, 1989, the indictment voted by the Grand Jury on December 7, 1989, charging defendant with burglary in the second degree, was filed with the Clerk of Supreme Court, Kings County. Defendant was arraigned on this indictment on December 29, 1989.
Defendant moved to dismiss the indictment by notice of motion dated April 4, 1990, claiming that "further prosecution is barred by reason of double jeopardy.” Defendant argued that the indictment, filed on December 13, 1989, after defendant pleaded guilty on the misdemeanor complaint, was based on the same facts as the misdemeanor complaint, and thus constituted double jeopardy. The People argued that the guilty plea was a nullity because Criminal Court was divested of jurisdiction on December 7, 1989 when the Grand Jury voted to indict defendant. The People claimed that the Assistant District Attorney’s statements to the court on December 4, 1989 constituted an application for an adjournment to present the case to the Grand Jury and to proceed with defendant’s prosecution by indictment.
Defense counsel disagreed with the People concerning the *641 appropriate charges against defendant because, in his view, Criminal Court maintained jurisdiction to accept defendant’s plea until the indictment was filed. The indictment was not filed until December 13, 1989 and, according to defendant, prior to that date, on December 8, 1989, Criminal Court acted within its jurisdiction and accepted defendant’s plea.
Supreme Court denied defendant’s motion to dismiss, agreeing with the People that Criminal Court had lost jurisdiction and that CPL 170.20 governed this case. The Appellate Division affirmed, noting that the language of subdivisions (1) and (2) of CPL 170.20 contemplate two totally different circumstances (189 AD2d 525). Defendant was granted leave to appeal by a Judge of this Court.
We agree with the Appellate Division that Criminal Court was divested of jurisdiction pursuant to CPL 170.20 when, on December 4, 1989, the Assistant District Attorney requested an adjournment to present the case to the Grand Jury and an indictment resulted prior to the December 8 plea. Thus, there was no double jeopardy.
CPL 170.20 reads as follows:
"1. If at any time before entry of a plea of guilty to or commencement of a trial of a local criminal court accusatory instrument containing a charge of misdemeanor, an indictment charging the defendant with such misdemeanor is filed in a superior court, the local criminal court is thereby divested of jurisdiction of such misdemeanor charge and all proceedings therein with respect thereto are terminated.
"2. At any time before entry of a plea of guilty to * * * an accusatory instrument specified in subdivision one, the district attorney may apply for an adjournment of the proceedings in the local criminal court upon the ground that he intends to present the misdemeanor charge in question to a grand jury with a view to prosecuting it by indictment in a superior court. In such case, the local criminal court must adjourn the proceedings to a date which affords the district attorney reasonable opportunity to pursue such action * * *. Following the granting of such adjournment * * * the proceedings must be as follows:
"(a) If such charge is presented to a grand jury *642 within the designated period and either an indictment or a dismissal of such charge results, the local criminal court is thereby divested of jurisdiction of such charge, and all proceedings in the local criminal court with respect thereto are terminated.”
The critical issue here is the construction of the phrase "and either an indictment or a dismissal of such charge results” in CPL 170.20 (2) (a). Benefitting from the status of his misdemeanor charge in Criminal Court, defendant argues that that court maintained jurisdiction because the indictment did not "result” when the Grand Jury voted it on December 7, 1989, but did so on December 13, 1989 when the indictment was filed, five days after defendant pleaded to the misdemeanor. We disagree with defendant’s interpretation of the terms of the statute.
First, when the Legislature uses distinct terms in subdivisions of a statute, the corresponding meanings should be construed as intended (see, Matter of Albano v Kirby, 36 NY2d 526, 530). Courts must give eifect to "all the language employed by the particular legislation” (see, Ferrin v New York State Dept. of Correctional Servs., 71 NY2d 42, 47).
CPL 170.20 (1) explicitly refers to effects of the filing of an indictment while misdemeanor charges are pending in criminal court. Subdivision (2) of that section, however, describes the consequences when an indictment "results” under the same circumstances. The reference in CPL 170.20 (2) to an indictment that "results” as opposed to one that is "filed” necessarily implicates a broadened view of what constitutes an "indictment” at that stage. We should credit the Legislature with having intentionally made the distinction. "When * * * the Legislature uses unlike terms in different parts of a statute it is reasonable to infer that a dissimilar meaning is intended” (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 236, at 403; Matter of Albano v Kirby, 36 NY2d 526, 530, supra).
Next, affirmance here is consistent with our decision in People v Cade (74 NY2d 410). In Cade we held that although CPL 190.65 (3) requires filing of an indictment upon the Grand Jury’s vote, the failure to file in that case was not a jurisdictional defect because no time limits were imposed on the filing (id., at 416). We noted in Cade that the filing requirement was only "directory” and thus the statutory *643 mandate was met when the indictment was subsequently filed (see also, Dawson v People, 25 NY 399, 405-406 [indictment would have been valid if it remained in hands of court and was not filed]). Subdivision (2) of this statute gives no indication that, absent filing, the indictment is void of effect for purposes of removing jurisdiction from the criminal courts.
Accordingly, the order of the Appellate Division should be affirmed.