OPINION OF THE COURT
Martin G. Karopkin, J.
This opinion formalizes decisions rendered on October 4, *45 October 5, and October 25, 1994, at the night session of the New York City Criminal Court, Kings County.
The instant matters came before this court due to a practice by which some felony complaints are called after ordinary business hours to determine whether Grand Jury action has been taken. If a Grand Jury has voted an indictment the District Attorney is afforded an opportunity to file certification of such Grand Jury action as provided in CPL 180.80.
If there has been no action by the Grand Jury then the defendant is released from custody as mandated by that same section of the law.

People v Griffin

In the Griffin case the District Attorney purported to file a certification of indictment and the defendant moved for his release from custody under CPL 180.80.
At this juncture a history of the case is in order. The defendant was arrested on Sunday, October 16, 1994, at 5:40 a.m. On Monday, October 17, 1994, the defendant was arraigned on a felony complaint arising out of that arrest. At his arraignment, the defendant asserted his right to testify before the Grand Jury pursuant to CPL 190.50 (5) (a). Bail was set and the matter was adjourned to the so-called "180.80 Day”, Friday, October 21, 1994.*
The parties agree that the defendant, who was still in custody, was produced at the waiting area of the Grand Jury during the morning hours of October 21, 1994. He was then removed from the Grand Jury area without being given an opportunity to testify and was lodged at another holding facility a few blocks away.
The prosecution presented their case to the Grand Jury later that day. An application was made at some point during the afternoon, in the criminal court, for an extension of CPL 180.80 statutory time constraints to Monday. This application was denied and the case was adjourned to Night Court.
No further efforts appear to have been made to produce the defendant before the Grand Jury. An indictment was voted. *46 When the case was first called in Night Court, the People produced a purported Grand Jury certification. The Assistant District Attorney asserts that filing the certification divests this court of jurisdiction and that the court had no authority to release the defendant from custody.
At the same time, the prosecution acknowledges that the Grand Jury proceeding was tainted and that a challenge to the indictment will require its dismissal (see, CPL 190.50 [5] [c]). The People recognized they must present the matter to a new Grand Jury. The prosecution reminded this court that it needs no court order to commence such superseding presentation and announced that it is prepared to do so on the coming Tuesday, October 25,1994.
CPL 190.50 provides that a defendant has an absolute right to testify before the Grand Jury hearing his case. The high regard for this right and the related right to release under CPL 180.80, if no Grand Jury action is voted, is most clearly enunciated in People v Evans (79 NY2d 407 [1992]). Indeed it is the Evans case that mandated the refusal to extend CPL 180.80 time, earlier in the day. The court in Evans held: "The failure of the Department of Correction to produce defendants provides no excuse or good cause for the District Attorney’s failure to give effect to a properly invoked right [to testify before the Grand Jury]. Nor should we give legal effect to the practical difficulties the prosecution may encounter in satisfying its obligations under CPL 180.80” (supra, at 414; see also, People v Hawkins, 193 AD2d 524 [1st Dept 1993]; People v Winningham, 158 Misc 2d 362 [Sup Ct, Queens County 1993]).
Rather than addressing those "practical difficulties” by holding the Grand Jury in session and having the appropriate authorities produce the defendant before it, the prosecutor here chose to evade the statute and the mandate of the State’s highest court. The District Attorney simply asked the jury to vote an indictment.
The Grand Jury that voted this indictment did not hear all of the evidence the law requires it must hear before determining whether an indictment will lie, since it did not hear the defendant’s testimony, which he asserted that he wished to give. No subjective analysis of evidence, statute, or case law is necessary to determine that this indictment cannot withstand challenge. The District Attorney concedes this and indeed indicates that his office is prepared to re-present the case to a new Grand Jury a few days hence. (See, People v Meyers, 186 *47 AD2d 358 [1st Dept 1992]; People v Ward, 193 AD2d 433 [1st Dept 1993].)
The prosecution is as unabashed in stating its purpose, to prevent the automatic release of the defendant, as it is in conceding the defects in its Grand Jury presentation. No effort has been made to put a "fig leaf’ over it. Nevertheless the prosecution maintains that this court is bound by the piece of paper entitled "certification”, which it has filed.
For the court to accept that argument would make it a participant in flouting the law. To delay or defer ruling on it would have the same result and might lead to the impression that the court has given its imprimatur to this practice. CPL 190.50 (5) (c) specifically describes an indictment obtained under the circumstances herein as "invalid”. This court, thus, finds that the certification proffered to it a nullity, void of any legal consequence. The defendant, Griffin, therefore must be released pursuant to statute.
In reaching the above ruling, this court is mindful of People v Brancoccio (83 NY2d 638 [1994]). There the Court held that the criminal court had lost jurisdiction to take a misdemeanor plea in that an indictment had been voted a day earlier on the same underlying facts. Brancoccio is thus distinguished in at least two salient features.
There is no indication in the Brancoccio case (supra) that the indictment was "invalid”, nor is there any reason to believe that the prosecutor knowingly and intentionally voted such a defective indictment.
This court is not taking any action on the underlying criminal charges and is in no way interfering with the prosecution of the criminal case itself. It is neither taking a plea nor dismissing the action. Further, this court notes that it has not been asked, nor is it endeavoring, to rule on the underlying indictment procedures for they are amply addressed in the law (CPL 190.50 [5] [c]).

People v Perez

People v Anderson

People v Davis

In each of these cases the District Attorney has applied for an extension of CPL 180.80, and in each case the defendant has moved for his release pursuant to that same statute. Each of these defendants, at arraignment, notified the District *48 Attorney that they wished to testify before the Grand Jury as provided under CPL 190.50. Further, in each case the District Attorney has wholly completed his presentation. From this point the reasons for the request diverge.
In the Perez case, the defendant testified and because of his testimony the grand jurors requested evidence from a ballistics expert. This witness was unavailable before the close of business and would be available the next day. In the Anderson case, the defendant testified and because of his testimony the grand jurors requested to hear a read back of testimony by a prosecution witness. Because this request came after the regular close of business, the stenographer who had those notes was unavailable until the following morning.
In the Davis case the defendant did not get to testify. The Assistant District Attorney advised the court that when the defendant was produced at the Grand Jury there was no quorum because "a juror had to leave because she was sick.”
There is a dynamic tension that exists in the interplay of CPL 190.50 and CPL 180.80, which manifests itself with some regularity in our courts. (See, People v Evans, supra.) Fundamental principles of our democracy require that there be a limitation on the time a person can be held in custody based on a hearsay, accusatory instrument. Those same fundamental principles require that a defendant be afforded an opportunity to be heard before the Grand Jury determining his case, if he so desires. Simultaneously there is an ongoing concern that the Grand Jury fulfill its role as a deliberative body and not merely function as a tool of the prosecutor. Indeed while many other States have abandoned the Grand Jury process this State has underscored its desire to see the Grand Jury function as an independent deliberative body. No better evidence of this exists than the relatively recent inclusion of the right to counsel in the Grand Jury as codified in CPL 190.52.
 Certainly when a Grand Jury having heard a defendant’s testimony decides that it must hear additional testimony as a result of that of the defendant, before it can vote, it is fulfilling its historic mandate. It is difficult to imagine more compelling good cause for extending the time under CPL 180.80. Similarly, when a Grand Jury, having heard a defendant’s testimony, decides that it must compare it to and thereby challenge that of the prosecution witnesses, it is again functioning as we would hope it would, by deliberating on the issues before it. Good cause having been shown, CPL 180.80 is *49 extended in the Perez case for one day and in the Anderson case for a period long enough to present the read back of testimony, but in no event longer than one-half day.
The Davis case is quite different. Ordinarily 23 grand jurors are impaneled as provided by statute, and only 16 are required to hear a case (see, CPL 190.05). The prosecutor was unable to satisfactorily explain how the absence of one juror, no matter how compelling the reason, was sufficient to deny a quorum. Moreover, this court notes that it has previously addressed several situations where grand jurors have simply absented themselves. The difficulties and inconvenience of jury service are well known and this is particularly true of Grand Jury service. (See, Report and Recommendations of Chief Judge of Court of Appeals, Jury Project, 1994.) However, obtaining and keeping a quorum of grand jurors to hear a case to its conclusion is one of the practical problems that must be addressed, and is not good cause (see, People v Evans, supra). The defendant, Davis, is released pursuant to statute.

 Subject to certain exceptions, CPL 180.80 requires release of a defendant who has been in custody on a felony complaint and against whom no Grand Jury action has been taken within 120 hours, or where a Saturday or Sunday intervene 144 hours, of arrest. The "180.80 Day” is the day on which the CPL 180.80 time expires or the last business day before that expiration time. In the Griffin case, the CPL 180.80 period would expire at 5:30 a.m. on Saturday, October 22,1994.