*459 OPINION OF THE COURT
Alexander W. Hunter, Jr., J.
The defendant’s motion to dismiss the indictment pursuant to CPL 210.20 and 190.50 (5) (c) is granted.
The essential issue before the court is whether the defendant was deprived of his statutory right to appear and testify before a Grand Jury under CPL 190.50 (5).
The court has carefully reviewed the motion papers, transcripts of relevant minutes, as well as all court papers, records and notations in deciding this matter.
On October 22, 1994, the defendant was arrested with another and charged, while acting in concert, with robbery in the first degree (Penal Law § 160.15 [2]) and other related charges. The defendant was arraigned in Bronx Criminal Court, Part AR-1 on October 23, 1994. Bail was set in the amount of $25,000 and the case was adjourned to October 28, 1994, Part AP-5.
The People claim that on October 28, 1994 the case against the defendant was fully presented to a Grand Jury. However, the notations on the court papers indicated that there was no Grand Jury action. Also, the transcribed minutes of the proceeding did not reflect that the case had been presented to a Grand Jury panel. Nevertheless, the defendant had been assigned a new attorney and he waived CPL 180.80 release from jail if the case was not presented. The minutes reflect that the defendant wished to testify before the Grand Jury since the People served him with CPL 190.50 notice on or before November 2, 1994 at 2:00 p.m. Therefore, it is evident that the defendant expressly communicated to the People that he intended to exercise his right to testify.
On November 2, 1994, the People requested an adjournment until November 10, 1994. However, the defense counsel stated for the record that the case had been fully presented to the Grand Jury and he required an adjournment because his client wished to testify. Again, CPL 180.80 release was waived and the People served CPL 190.50 notice for defendant to testify on November 10, 1994.
On November 10, 1994, counsel for the defendant requested that CPL 180.80 be waived since the codefendant’s case was adjourned to November 15, 1994 for this other defendant to testify. Counsel desired that the defendant be relocated to the Bronx House of Detention in order for his family to bring him adequate clothing so that he could testify before the panel in *460 something other than the clothing that he was wearing when he was arrested. It is clear from the record that the defendant wished to testify. As such, the People again served him with CPL 190.50 notice to testify on November 15, 1994 at 2:00 p.m.
On November 15, 1994, the minutes of the proceeding reflect that the court personnel informed the court that the defendant was not produced by the Department of Correction. Counsel informed the court that he believed that the defendant was ill and may be hospitalized. Hence, he waived CPL 180.80 to November 18, 1994 for the defendant to testify. The court ordered a superseding commitment to ensure the production of the defendant on the adjourned date. The People once more served on counsel CPL 190.50 notice for the defendant to testify on the next court date.
On November 18, 1994, the defendant was scheduled to testify before the Grand Jury but the Department of Correction failed to produce him in court. The Judge presiding in AP-5 of the Criminal Court, where the case was initially called, sent the case to AR-3 (night arraignments) because the People did not have any relevant information as to the status of the case and defense counsel represented that it was the last day of the Grand Jury panel.
The transcript minutes of November 18, 1994 proceeding reflect that in AR-3 without the presence of counsel and the defendant, the People filed with the court a certification under CPL 180.80. That certification reflected that the Grand Jury panel voted the case against the defendant and indicted him on the instant felony charges.
The People’s response papers herein either directly or indirectly conceded defendant’s contention that he made it clear several times on the record that he wished to exercise his right to testify before the Grand Jury. Furthermore, on November 15 and 18 of 1994, he was not produced in court by the Department of Correction — seemly due to no deliberate fault of his own. Also, the People did nothing to preserve his right to testify before the panel, such as seeking leave to extend the panel’s duration.
The facts herein present the question as to what should a prosecutor do when a defendant in custody has given notice of his intention to testify before the Grand Jury considering the charges against him but the Department of Correction fails to produce him, thereby preventing the defendant from testifying on the date in which the panel meets in session.
*461 CPL 190.50 gives a defendant the right to testify in front of the Grand Jury considering charges against him if he gives notice of his intention to so testify. The record herein clearly establishes that the defendant gave notice to the People of his intent to testify.
While there appears to be no cases directly on point, the courts of this State have consistently held that the failure on the part of the Department of Correction to produce a defendant in court is attributed to the prosecutor to the extent that the indictment against the defendant must be dismissed if that failure prevented the People from answering ready for trial within the period prescribed in CPL 30.30 (People v Anderson, 66 NY2d 529, 539-540, 543 [1985]; People v Jones, 105 AD2d 179, 186 [2d Dept 1984]; People v Scott, 56 AD2d 667 [2d Dept 1977]). By analogy, the failure to produce a defendant in court so that he could exercise his right to testify before the Grand Jury is attributable to the People especially in light of their failure to ascertain the reasons for the defendant’s nonproduction on two consecutive court dates.
The Court in People v Evans (79 NY2d 407 [1992]) enunciated a high regard for a defendant’s CPL 190.50 absolute right to testify before the Grand Jury hearing his case. The Evans Court found that "the failure of the Department of Correction to produce defendant * * * provides no excuse or good cause for the District Attorney’s failure to give effect to a properly invoked right [to testify before the Grand Jury] * * * Nor should [the Court] give legal effect to the practical difficulties the prosecution may encounter in satisfying its obligation * * * under CPL 180.80.” (Supra, at 414; see also, People v Hawkins, 193 AD2d 524 [1st Dept 1993]; People v Winningham, 158 Misc 2d 362 [1993]; People v Griffin, 163 Misc 2d 43 [1994].)
The People, nevertheless, had the duty to use all reasonable means to protect defendant’s right to testify before the Grand Jury. (See, People v Winslow, 140 Misc 2d 210 [1988].)
In the instant case, on November 18, 1994, the People did not ask the court for an extension of the panel’s duration to preserve the right of this defendant. Nor did the People inquire of the Department of Correction for the reasons for their failure to produce him in court on November 15 and 18 of 1994.
This court finds that the failure of the People to use any reasonable means to protect the defendant’s right to testify *462 before the Grand Jury necessitates the dismissal of the indictment.
Accordingly, the indictment is dismissed with the People granted leave to resubmit the case to a new Grand Jury. (See, People v Bey-Allah, 132 AD2d 76 [1st Dept 1987].)