*641 OPINION OF THE COURT
Sheryl L. Parker, J.
The defendants were charged by felony complaint with the following crimes: Penal Law § 220.21 (1) (two counts); § 220.18 (1) (two counts); § 220.16 (1) (one count); § 220.16 (12) (two counts); § 220.03 (three counts); § 220.50 (2) (one count); § 220.50 (3) (one count); § 265.03 (2) (one count); and § 265.01 (1) (one count). Prior to the expiration of the CPL 180.80 time period mandating release of the defendants, the prosecutor filed a certificate of indictment indicating that an indictment had been voted, but not yet filed, pursuant to CPL 180.80 (2) (a). The defendants moved for release pursuant to CPL 180.80 on the ground that the certificate was a nullity since the People failed to establish geographical jurisdiction over the crimes charged (the felony complaint alleged that the drugs were possessed in Queens County). The prosecutor argued that jurisdiction in Kings County was established in the Grand Jury and, even if the defendant was correct, this court lost jurisdiction to release the defendants upon the filing of the certificate. This court rejected the People’s argument that the filing of the CPL 180.80 (2) (a) certificate divested the local criminal court of jurisdiction and this decision further explains that ruling.
In support of their position the People have relied upon People v Brancoccio (83 NY2d 638 [1994]). This court declines to expand the ruling in Brancoccio to the facts of the instant case, and does not find any authority in the CPL, or otherwise, for doing so. Brancoccio was decided in the context of a very specific factual scenario involving a motion by the People pursuant to CPL 170.20 (2), which allows the People to adjourn the proceedings in the local criminal court “upon the ground that [they] intend * * * to present the misdemeanor charge in question to a grand jury with a view to prosecuting it by indictment.”[1] (Emphasis supplied.) Brancoccio was decided in a four to three vote, over a vigorous dissent led by Chief Judge *642 Kaye, who wrote “An indictment is defined by the CPL as ‘a written accusation by a grand jury, filed with a superior court’' (CPL 200.10). By definition an indictment ‘results’ when it is filed * * * The word ‘results’ is used in CPL 170.20 (2) (a) to accommodate ‘either an indictment or a dismissal’ * * * It does not change the requirement of filing for an indictment.” (People v Brancoccio, 83 NY2d 638, 644 [1994], supra.)
CPL 170.20 by its very language only applies to cases which originate as misdemeanors. It does not apply to cases which originate as felonies. This distinction is important in view of the definitions of the terms trial and preliminary jurisdiction, pursuant to CPL 1.20 (24) and (25), respectively.[2] In Brancoc-cio (supra), the local criminal court had both preliminary and trial jurisdiction over the offenses charged. In the instant case this court only had preliminary jurisdiction, and that jurisdiction had not been divested.
Pursuant to CPL 210.05, “The only methods of prosecuting an offense in a superior court are by an indictment filed therewith by a grand jury or by a superior court information filed therewith by a district attorney.” (Emphasis supplied.) This section limits the trial jurisdiction of superior courts to offenses charged by Grand Jury indictment, or by superior court information, and, as the statute makes clear, such jurisdiction does not attach until such documents are filed with the superior court. It is this court’s opinion that Brancoccio (supra) narrowly expanded the definition of the term indictment to include a situation where an indictment is “voted” and not “filed,” in order to cover that limited situation where a charge, which originates as a misdemeanor, can be pleaded out in criminal court, before the District Attorney (who has made an application pursuant to CPL 170.20 [2]) has had a chance to file the resulting indictment. Since a local criminal court does not have trial jurisdiction over felony charges, there is no risk of a plea being taken before the District Attorney has had a chance to file the indictment, and therefore no reason to expand the definition of this term beyond its plain statutory meaning.
*643 “An indictment is filed in contemplation of law when it is returned into open court, presented to the court, and deposited with the clerk to be kept with the papers in the case.” (See, 41 Am Jur 2d, Indictments and Informations, § 33 [1995]; CPL 190.65 [3].) In the instant case, as was previously indicated, the People filed a certificate of indictment, indicating that an indictment had been voted, but not yet filed. Under such circumstances, trial jurisdiction had not yet attached in superior court, and the criminal court retained jurisdiction until such time as the indictment was physically received by the superior court.
The defendants’ motion for release pursuant to CPL 180.80 on the ground that the certificate of Grand Jury action was a nullity, due to lack of geographical jurisdiction, was also rejected.[3] This motion would require the court to review the merits of the Grand Jury presentation to determine if geographical jurisdiction was established. However, only a superior court has jurisdiction over Grand Jury proceedings. (CPL 10.20 [2].)

. CPL 170.20 (2) provides in pertinent part:
“At any time before entry of a plea of guilty to or commencement of a trial of an accusatory instrument specified in subdivision one, the district attorney may apply for an adjournment of the proceedings in the local criminal court upon the ground that he intends to present the misdemeanor charge in question to a grand jury with a view to prosecuting it by indictment in a superior court * * *
(a) If such charge is presented to a grand jury within the designated period and either an indictment or a dismissal results, the local criminal court is divested of jurisdiction of such charge, and all proceedings in the local criminal court with respect thereto are terminated.”

. A criminal court has “trial jurisdiction” of an offense when an indictment or an information charging such offense may properly be filed with such court, and when such court has authority to accept a plea to, try or otherwise finally dispose of such accusatory instrument. (CPL 1.20 [24].) A criminal court has “preliminary jurisdiction” of an offense when, regardless of whether it has trial jurisdiction thereof, a criminal action for such offense may be commenced therein, and when such court may conduct proceedings with respect thereto which lead or may lead to prosecution and final disposition of the action in a court having trial jurisdiction thereof. (CPL 1.20 [25].)

. Although the felony complaint alleged that the crimes occurred in Queens County, it is not contested that the felony complaint was properly filed with the Kings County Criminal Court. (CPL 100.55 [2].) The People contended that particular-effect jurisdiction in Kings County was found by the Grand Jury. (CPL 20.40 [2] [c].)