OPINION OF THE COURT
William E. Garnett, J.
Does a Criminal Court Judge have the power to extend an *728 order of protection after a grand jury has voted and filed an indictment?
The instant matter was referred to this court after the District Attorney announced that a grand jury had filed an indictment covering the charges contained in the underlying felony complaint. The presiding Criminal Court Judge ruled that the filing of the indictment had divested the Criminal Court of all jurisdiction including the power to extend a temporary order of protection. Accordingly, the Judge transferred the matter to this court which has Supreme Court status to extend an order of protection which, at the request of the District Attorney, had been issued in favor of the complainant during the pendency of the case in Criminal Court.
The resolution of this issue requires an examination of the statutory paradigm for the disposition of felony complaints in the Criminal Court.
The Criminal Court has “preliminary jurisdiction” over all offenses subject to divestiture by the Supreme Court. (CPL 10.30 [2].) This “preliminary jurisdiction” encompasses proceedings in which the accusatory instrument is a felony complaint. “Preliminary jurisdiction,” in this factual context, is jurisdiction over all matters except “trial jurisdiction” prior to the acquisition of exclusive jurisdiction by the Supreme Court by the filing of an indictment. (CPL 1.20 [24], [25].)
Among the powers conferred upon the Criminal Court in its “preliminary jurisdiction” over felony complaints is the authority to set bail. (CPL 530.10, 180.10 [6].) Within the ambit of the authority to set bail is the power to issue an order of protection. (CPL 530.12 [1]; 530.13 [1].) Both CPL 530.12 (1) and 530.13 (1) clearly identify the issuance of an order of protection as a condition of bail. Thus, the Criminal Court, in its “preliminary jurisdiction” over felony complaints, has the power to issue and extend a temporary order of protection.
The superior court, the Supreme Court in New York City, acquires exclusive jurisdiction when an indictment is filed. Clearly, prior to the filing of the indictment, the Criminal Court retains “preliminary jurisdiction” over the disposition of the felony complaint. (CPL art 180; People v Lebron, 182 Misc 2d 640, 643 [Crim Ct, Kings County 1999]). If a defendant waives a preliminary hearing on a felony complaint or after the Criminal Court conducts a hearing and holds the defendant for the action of the grand jury, “[u]ntil [the] papers [i.e., the felony complaint, etc.] are received by the superior court, the action is deemed to be still pending in the local criminal court.” (CPL *729 180.30 [1]; 180.70.) Accordingly, under these circumstances, the Criminal Court retains as part of its preliminary jurisdiction over the felony case its concomitant right to adjust the conditions of bail including the issuance or extension of any orders of protection.
However, no provision of the Criminal Procedure Law explicitly delineates when, at least for the purposes of bail, the Criminal Court loses its “preliminary jurisdiction” over a felony complaint when a defendant is physically before the Criminal Court and the District Attorney announces that an indictment has been filed against the defendant in the Supreme Court. The Criminal Procedure Law acknowledges the continued legitimacy of the bail conditions set in the Criminal Court as a Supreme Court Justice may, at a defendant’s arraignment in Supreme Court, simply adopt the bail set by the lower court. (CPL 530.40 [2] [b]; see, CPL 520.40 [transfer of cash bail to Supreme Court].) This statute implicitly codifies and presumes the continued effectiveness of the bail conditions set in the Criminal Court until the defendant’s arraignment in Supreme Court. Certainly then, the bail conditions in effect at the time of the filing of the indictment are not nullified. Thus, at the very least, the Criminal Court’s bail determination remains in effect until the defendant’s arraignment in Supreme Court. Therefore, as the Criminal Court’s bail determination is still viable prior to arraignment in Supreme Court and as the statutory definition of bail includes the issuance of any temporary orders of protection, then the extension of an order of protection by the Criminal Court until the defendant’s arraignment in Supreme Court is merely a reaffirmation of the Criminal Court’s bail decision and is thus merely a ministerial act required to maintain the status quo. The act of filing the indictment with the Supreme Court signifies that court’s acquisition of trial jurisdiction rather than the abrogation of any of the results of the Criminal Court’s exercise of its preliminary jurisdiction including the power to continue the conditions of bail in the case.
When an indictment is announced in Criminal Court on a pending felony complaint, the Criminal Court typically indicates that the matter is transferred to the Supreme Court and also restates the bail status, i.e., same bail conditions if a defendant is still incarcerated, bail continued if a defendant has posted bail or parole continued if a defendant has been released on her or his own recognizance. Encompassed within the inherent and implicit authority to continue the present bail *730 condition is the power to continue in effect a temporary order of protection as a condition of bail. Although the matters are usually reaffirmed separately, each is a part of the defendant’s overall bail condition. Thus, the Criminal Court is not arrogating to itself any power in the face of the acquisition of “trial jurisdiction” by the Supreme Court by the filing of the indictment and is not impinging on the Supreme Court’s power to exercise its exclusive jurisdiction to dispose of the charges contained in the filed indictment. Without question, the Criminal Court has the inherent authority and implicit power to, at least, reaffirm its bail determination including the extension of any orders of protection.
Therefore, based on the foregoing analysis, this court, sitting as a Criminal Court Judge and Acting Supreme Court Justice, orders that the temporary order of protection is extended until the date of the defendant’s arraignment in Supreme Court.