OPINION OF THE COURT
Matthew F. Cooper, J.
The defendant is charged with the crime of murder in the second degree, in violation of Penal Law § 125.25 (1). This crime, which is designated an A-l felony, is punishable by an indeterminate sentence of imprisonment with a minimum of between 15 and 25 years and a maximum of life imprisonment. (Penal Law § 60.05 [2]; § 70.00 [2] [a]; [3] [a] [i].) Because there has been no action by the grand jury to date, the case remains in Part F of the Criminal Court[1] and has yet to be transferred to Supreme Court.
The defendant moves this court for an order requiring the prosecution to disclose certain material, including providing him with a copy of a videotape. The defendant argues that the items sought are exculpatory and therefore constitute Brady[2] material. The defendant further contends that the prosecution is required to turn over the material because of a prior oral directive made at a calendar call in the part. In addition to his discovery request, the defendant seeks to compel the People to include certain witnesses and evidence in their presentation to the grand jury.
The People have submitted a response in opposition to the defendant’s discovery motion. It is their position that the defendant is not entitled to any discovery, irrespective of his claim that what he seeks is Brady material, because the case, not having gone to the grand jury, is preindictment and still under investigation.
Background
The defendant was arrested on May 3, 2001, in connection with a shooting death that occurred on April 21, 2001. The *131 next day he was arraigned on a felony complaint charging him with murder in the second degree. Apparently on the consent of the People, the defendant was released on his own recpgnizance on the condition that he return to court on a designated date to post a bond. The bond was posted and the defendant has remained at liberty while his case has been pending.
On May 7, 2001, at the office of the District Attorney, defense counsel was shown a security camera videotape made on April 21, 2001, which allegedly depicts the defendant and another person in the commission of the crime. After viewing the videotape, defense counsel, who contends neither of the two individuals on the tape is in fact the defendant, requested that Assistant District Attorney Thomas Schiels provide him with a copy of the videotape pursuant to Brady v Maryland (373 US 83 [1963]).
By a letter dated May 30, 2001, defense counsel again requested that Assistant District Attorney Schiels provide him with a copy of the videotape. Additionally, defense counsel requested an audiotape of the 911 call made on April 21, 2001, as well as a copy of the Sprint report[3] made in connection with that call. On numerous dates thereafter, defense counsel renewed his requests for the material either in his communications with the assigned assistant or at calendar calls in Part F.
On April 11, 2002, the defendant filed with the court and served on the District Attorney’s office the instant motion. On November 26, 2002, the People filed and served their response opposing the defendant’s motion. The defendant’s case has yet to be indicted by a grand jury and therefore remains a felony complaint.
The Motion to Compel Discovery
In order to reach the issue of whether the defendant is entitled to preindictment discovery of material he deems to be Brady, the court must first determine two threshold issues. The first is whether this court, as a court of limited jurisdic *132 tion, may properly entertain the matter.[4] The second is whether it is bound by an earlier pronouncement made in the case by another judge.
It is clear from the Criminal Procedure Law that the Criminal Court does not have trial jurisdiction[5] over felonies. (CPL 10.30 [1].) The Criminal Procedure Law, however, does provide the Criminal Court with preliminary jurisdiction[6] over felonies. (CPL 10.30 [2].) Specifically, the Criminal Court is empowered to arraign defendants on felony complaints, to entertain bail applications on felony complaints and to conduct preliminary hearings on the issue of whether there is reasonable cause to believe the defendant committed a felony. (See generally CPL art 180.) A Criminal Court is also empowered to dismiss a felony complaint at arraignment if the complaint is facially insufficient and, after making an inquiry, the court finds that there are no facts or evidence available upon which a facially sufficient instrument can be drawn. (CPL 140.45; see also Preiser, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11 A, CPL 180.10 at 122 [1993] [“(T)he court’s initial duty * * * is to ascertain at this entry stage whether the felony complaint is sufficient to confer jurisdiction * * *”].) The criminal court retains this preliminary jurisdiction until it is divested of such by the superior courts and their grand juries. (CPL 10.30 [2].)
A criminal court is divested of jurisdiction over a felony complaint when an indictment is filed with a superior court. (See People v Davis, 184 Misc 2d 680, 690 [Sup Ct, Kings County 2000] [“Prior to indictment, it was exclusively the Criminal Court before which defendant was appearing; it was Criminal Court that had issued the securing order for defendant, and it was Criminal Court that has jurisdiction over the felony *133 complaint”].) Here, the defendant has not yet been indicted by the grand jury and thus appears exclusively in Criminal Court in response to what remains a felony complaint. As such, this court retains jurisdiction to decide nondispositive matters regarding the instant felony complaint. (See People v Griffin, 163 Misc 2d 43, 47 [Crim Ct, Kings County 1994] [in releasing defendant whose CPL 190.50 rights were violated, Criminal Court found that where indictment had been voted, but not filed, it retained jurisdiction as long as it did “not take any action on the underlying criminal charges and * * * in no way interfer(ed) with the prosecution of the criminal case itself”].) As discovery falls within the realm of the nondispositive, it remains within the jurisdiction of this court to decide the defendant’s motion to compel.
The second threshold question, that of the extent to which this court is bound by a prior ruling made in the case, calls for an examination of the “law of the case” doctrine. The defendant argues that on September 26, 2001, the Honorable Paul Feinman, who was presiding in Part F, ordered the People to turn over the requested materials. In support of his position, the defendant has provided the transcript of the proceedings of that date.
At the calendar call on September 26, 2001, defense counsel requested that he be provided with a copy of the videotape, the 911 audiotape and the Sprint report. In response, Judge Feinman directed the assistant in the part to “Tell Mr. Shields [sic] to turn over a copy of the videotape already shown to defense counsel. There is no reason for him not to have the videotape.” (Transcript of proceedings on Sept. 26, 2001, at 2, lines 2-5.) With respect to the defendant’s request for the 911 tape and the Sprint report, the court stated, “Turn over the 911 tape and Sprint report.” (Transcript of proceedings on Sept. 26, 2001, at 2, lines 11-12.)
It is the defendant’s position that by not turning over the requested materials, the People have failed to comply with the order of Judge Feinman and are therefore in contempt of court. It is also the defendant’s position that the prior ruling is the “law of the case” and that it requires this court to grant his motion to compel discovery.
Although there was a prior determination on the matter made in this case, it is the opinion of this court that the “law of the case” doctrine does not apply. The “law of the case” doctrine is a rule of practice which prevents a court from reviewing an issue which previously has been judicially determined *134 by a court of coordinate jurisdiction. (Martin v City of Cohoes, 37 NY2d 162, 165 [1975].) This doctrine, however, “merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power.” (Messinger v Anderson, 225 US 436, 444 [1912].) In other words, applying the “law of the case” doctrine is “a matter of judicial discretion and not a limitation on the court’s power.” (Silverberg v Dillon, 73 AD2d 838, 840 [4th Dept 1979].)
Generally speaking, the law of the case doctrine is applicable in those instances where the parties have had the opportunity to fully litigate the issue in question. (People v Bilsky, 95 NY2d 172, 176 [2000]; see also Matter of Dondi v Jones, 40 NY2d 8, 15 [1976] [“(I)n order to prevent vexatious and repeated applications on the same point, a motion once fully heard and decided cannot be revived again or renewed unless with leave of the * * * Judge who denied it * * * ”].) However, “findings made speedily by one Judge for a temporary purpose will not bind another Judge who has to decide the merits at a later time.” (Silverberg, 73 AD2d at 840.) Thus, the law of the case doctrine might be found inapplicable to those situations where a judge has made an interim ruling from the bench without the benefit of written papers. (See People v Lambert, 2002 NY Slip Op 50278 [U] [Crim Ct, NY County] [judge deciding defendant’s speedy trial motion not bound by speedy trial determinations previously made by judge sitting in all-purpose part where AP judge did not definitively state how it intended to assess chargeable time].)
Here, the decision of September 26, 2001, made from the bench and prior to any written submissions from the parties, was more in the nature of “speedy findings made for a temporary purpose,” and is thus not subject to the law of the case doctrine. Accordingly, the court believes that it may consider the defendant’s motion for discovery without regard to the prior directive.
Turning then to the merits of defendant’s application for preindictment discovery, consideration must first be given to the special nature of “Brady material.” The term “Brady material” refers to the decision in Brady v Maryland, where the United States Supreme Court held that the constitutional mandates of due process require that the prosecution disclose evidence that is favorable to the defendant and material either to guilt or punishment. (Brady, 373 US at 87.)
In New York, the prosecutor’s duty to disclose favorable evidence is statutory as well as constitutional. Criminal Proce *135 dure Law § 240.20, which governs pretrial discovery in criminal cases, specifically states, “the prosecutor shall disclose to the defendant * * * [a]nything required to be disclosed, prior to trial, to the defendant by the prosecutor, pursuant to the constitution of this state or of the United States.” (CPL 240.20 [1] [h].)
Additionally, the prosecution’s obligation under Brady goes beyond merely exculpatory matters, and includes material evidence which impeaches the credibility of prosecution witnesses. (People v Alongi, 131 AD2d 767, 768 [2d Dept 1987].) In assessing materiality, the question is not whether the prosecutor believes the evidence is useful. (See, e.g., People v Springer, 122 AD2d 87 [2d Dept 1986].) Rather, the standard for materiality set forth by the Court of Appeals is whether there is a “reasonable possibility that the outcome of the proceeding would have been different if the evidence had been disclosed to the defense.” (People v Carter, 258 AD2d 409, 412 [1st Dept 1999], citing People v Vilardi, 76 NY2d 67, 77 [1990].)
The issue of materiality is closely intertwined with the issue of timing of the disclosure. In terms of timing, courts have consistently held that the rule enunciated in Brady does not specify when in the proceedings the prosecution has to disclose such exculpatory evidence, but only that such material must be disclosed in time for the defense to use it effectively. (See, e.g., Carter, 258 AD2d at 411.) The problem this presents however is, assuming the prosecutor concurs with defense counsel that the evidence is material, the two sides may disagree as to when such material must be disclosed in order to be put to meaningful use by the defense. As it now stands, the decision of when to turn over Brady material is left almost entirely to the prosecutor’s discretion.[7] This, of course, does not sit well with proponents of early disclosure who argue that the rules currently in practice “placet] too much of ‘the strategic planning of the defense in the hands of the prosecution.’ ” (See, e.g., Abraham Abramovsky, Will The New York Courts Adopt “Coppa’l, NYLJ, Dec. 11, 2001, at 3, col 1, quoting People v Arthur, 175 Misc 2d 742, 764 [Sup Ct, NY County 1997].)
Here, the defendant uses the “strategic planning” argument to buttress his application for discovery. He asserts that *136 disclosure of the requested items, specifically the videotape, the 911 audiotape and Sprint report, as well as statements made by the defendant, are prerequisites to effective strategic planning on the part of the defense. There is a key difference, however, between the defendant’s situation and an indicted case where disclosure is ordered well in advance of trial. The difference is that the defendant’s case has not been indicted and thus remains a felony complaint.
It is clear that a defendant’s statutory right to the discovery of Brady material under Criminal Procedure Law § 240.20 is limited to where a defendant stands charged by an indictment, superior court information, prosecutor’s information, information or simplified information. In a situation such as the one before this court, where the defendant is charged solely by a felony complaint, the Criminal Procedure Law does not require any disclosure. Consequently, there is no statutory basis for the court to order the discovery sought by the defendant. (See Brown v Appelman, 241 AD2d 279, 283 [2d Dept] [because the Criminal Procedure Law “contains no provision conferring upon an individual, charged only in a felony complaint, the right to discovery of evidence prior to indictment,” Supreme Court was found to have exceeded its authority in ordering preindictment discovery].)
Similarly, it would seem that the defendant has no independent constitutional right to the preindictment discovery that he seeks. The First Department has not directly addressed the question of whether due process would ever require the prosecution to disclose Brady material at the preindictment stage. (See, e.g., Carter, 258 AD2d at 411.) It appears, however, that no New York court has yet required the disclosure of Brady material to the target of a grand jury investigation while the grand jury is still in the process of investigating the case. (See, e.g., People v Sawyer, 2002 NY Slip Op 40087 [U] [Sup Ct, Kings County].)[8] This is because the role of a grand jury, as distinguished from that of a trial jury, is not to determine the issue of guilt, but rather to assess whether there is sufficient evidence to charge the defendant with a felony. Consequently, the People’s obligations under Brady are not the same at the grand jury stage as they are at trial. (People v Lancaster, 69 NY2d 20, 26 [1986].)
*137 Finally, even if it could be found that this is a situation where due process would require the People to disclose Brady material at the preindictment stage, the question would still remain as to whether the material in question is in fact Brady. “Mere suspicion and conjecture” that evidence is exculpatory is not enough to deem it Brady. (See People v Rowland, 157 Misc 2d 114, 117 [Crim Ct, NY County 1992].) In this case, the People assert that none of the material sought is exculpatory. Moreover, evidence is not deemed to be Brady material when the defendant has knowledge of it. (See People v Fein, 18 NY2d 162 [1966]; People v Ahmed, 244 AD2d 415 [2d Dept 1997]; People v LaRocca, 172 AD2d 628 [2d Dept 1991].) At least as far as concerns the videotape, the defendant has knowledge of it, the tape having been viewed by defense counsel.
For the foregoing reasons, this court holds that it would be inappropriate at this stage of the proceedings to compel the People to turn over materials the defense deems to be Brady. The People are, however, reminded of their continuing obligations under People v Brady and proceed at their peril should they fail to heed them.
The Grand Jury Presentation
In his motion, the defendant also asks this court to direct the People to present to the grand jury all exculpatory witnesses and evidence, including but not limited to, the defendant, defense alibi witnesses and defense videotape expert witnesses. It is beyond question that issues concerning grand jury proceedings are the domain of the Supreme or County Courts. (CPL 10.20.) In this county, questions regarding grand jury presentations are referred to the Supreme Court justice serving as the grand jury judge for that particular term. Moreover, the rules concerning the appearance of witnesses before a grand jury are explicitly addressed in Criminal Procedure Law § 190.50.
The Criminal Court is without any jurisdiction with respect to matters concerning the presentation to the grand jury. Accordingly, any application in this regard must be made to the grand jury judge in Supreme Court.
Conclusion
For the reasons stated above, that portion of the defendant’s motion seeking to compel the prosecution to turn over the items *138 he deems Brady material is denied. The portion of the motion concerning the grand jury presentation is denied without prejudice with leave to renew before the grand jury judge in Supreme Court.

. In New York County, Part F is the designated part for felony matters awaiting grand jury action.

. Brady v Maryland, 373 US 83 (1963).

. A Sprint report is a computer-generated log of the contents of the 911 call contained on the original master tape. (People v Cortez, 149 Misc 2d 886, 893 [Crim Ct, Kings County 1990].) Sprint reports, which are prepared as a summary for indexing purposes, do not contain a verbatim account of the 911 call. (Id.) “Rather, they consist of a summary of the contents of the transmission based upon the [911 operator or] dispatcher’s interpretation of the pertinent information.” (People v Bramble, 158 Misc 2d 411, 418 [Sup Ct, Kings County 1993].)

. It is noted that when initially presented with the issue, this court directed the parties to raise it before the grand jury judge and sent the case forthwith to the grand jury part. The grand jury judge did not take any action with respect to the motion and instead sent it back to be dealt with by this court.

. “A criminal court has ‘trial jurisdiction’ of an offense when an indictment or an information charging such offense may properly be filed with such court, and when such court has authority to accept a plea to, try or otherwise finally dispose of an instrument.” (CPL 1.20 [24].)

. “A criminal court has ‘preliminary jurisdiction’ of an offense when, regardless of whether it has trial jurisdiction thereof, a criminal action for such offense may be commenced therein, and when such court may conduct proceedings with respect thereto which lead or may lead to prosecution and final disposition of the action in a court having trial jurisdiction thereof.” (CPL 1.20 [25].)

. Of course, in those situations where a specific request for Brady material is made and “there is ‘some basis’ for believing that the prosecutor maybe in possession of potentially exculpatory material, ‘deference to the prosecutor’s discretion must give way, and the duty to determine the merits of the request for disclosure then devolves on the trial court.’ ” (People v Andre W., 44 NY2d 179, 184 [1978].)

. The Sawyer court held that although the defendant, who was charged with murder in the first degree, could potentially be sentenced to death, he was not entitled to heightened due process at the preindictment stage or otherwise entitled to preindictment discovery. (See also Brown, 241 AD2d 279 [2d Dept].)