People v Bartley (2024 NY Slip Op 24103)

[*1]

People v Bartley

2024 NY Slip Op 24103

Decided on April 5, 2024

Criminal Court Of The City Of New York, Kings County

Fong-Frederick, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on April 5, 2024
Criminal Court of the City of New York, Kings County

The People of the State of New York

against
Damion Bartley, Defendant.

Docket No. CR-009924-24KN

For the defendant: Anthony Stagner of the Brooklyn Defender Services (astagner&commat;bds.org)
For the People: ADA Michelle Munneke (munnekem&commat;brooklynda.org) 

Dale Fong-Frederick, J.

The defendant, Damion Bartley, is charged by felony complaint with Burglary in the Third Degree and other related charges in four separate criminal actions. The defendant was arraigned on all four criminal actions on March 8, 2024, in lower criminal court on the felony complaint. At his arraignment, bail was set on the defendant at $5,000.00 cash, $10,000.00 partially secured bond, and $10,000.00 insurance company bond on three of the criminal actions and $1.00 on the fourth criminal action for the sum total of $15,001.00 cash, $30,000.00 partially secured bond, and $30,000.00 insurance company bond. 
After several adjournments, the criminal action was ultimately adjourned to March 20, 2024, and the defendant appeared before this Court where the People offered a plea by superior court information to one count of Burglary in the Third Degree on each felony complaint with a sentence of five years of probation to run concurrently. The People did not inform this Court that the grand jury had voted an indictment on three of the criminal actions and the People did not file a certificate of indictment. On March 22, 2024, the People filed a Certificate of Indictment on three of the criminal actions, charging Burglary in the Third Degree as the top count on each action. The fourth action (which was the only case with $1.00 bail set), was not indicted. The defendant then orally moved this Court to review and reduce the defendant's bail.
In support of his application, the defendant argued that his mother has appeared in court on his behalf on every court date; that the defendant is 18 years old; that he has never been previously arrested; that his family could make lower bail but not the current amount set; and that the People were offering a non-incarceration disposition. 
The People opposed the application and countered that criminal court was divested of jurisdiction to hear the bail application asserting that the Miscellaneous Motions Part in Supreme Court is where the bail modification motion should be brought; that although it was the defendant's first arrest, he had amassed four cases in a short period of time and that he is facing [*2]significant jail time, despite a probation offer from the People.
After hearing oral argument on March 22, 2024, the defendant's application to modify bail was denied from the bench with a written decision to follow. For the reasons set forth on the record on March 22, 2024, and more fully discussed below, the motion is denied.
ANALYSIS
1. Local Criminal Court Jurisdiction after a Certificate of Indictment is Filed.
A felony complaint is an accusatory instrument used to initiate felony charges against a defendant in a local criminal court but cannot be used as a basis to prosecute the felony charges (CPL §1.20[8]). A local criminal court has 'preliminary jurisdiction' when a felony complaint is used to initiate a criminal action in local criminal court, and such local criminal court may conduct proceedings with respect to the felony complaint that will lead to prosecution and final disposition of the action in a superior court having trial jurisdiction once an indictment is filed in superior court (CPL §1.20[25]). The jurisdictional power of the lower criminal court continues unless proscribed by practice or law (Judiciary Law §2-a).
An indictment is an accusation by a grand jury, charging a defendant with the commission of a crime (CPL §§1.20[3] & 200.10). An indictment, in pertinent part, is an instrument charging a crime; defining the geographical jurisdiction; and containing a concise statement of the charges, the name of the superior court, and the signature of the grand jury foreman (CPL §200.50). A superior court has trial jurisdiction when the indictment is "filed with such court, and when such court has authority to accept a plea to, try or otherwise finally dispose of such accusatory instrument" (CPL §1.20[24]).
A local criminal court is vested with preliminary jurisdiction over felony complaints filed therein (CPL §10.30[2]) and is only divested of preliminary jurisdiction when an indictment is filed in superior court that vests the superior court with trial jurisdiction (CPL §§10.30[1]; 200.10; People v Gervais, 195 Misc 2d 129 [Crim Ct, NY Co 2003]). During any period where a local criminal court maintains preliminary jurisdiction over a pending felony complaint, it may decide non-dispositive matters that do not interfere with the prosecution of the criminal case itself (Gervais, at 133; see also People v Celentano, 36 Misc 3d 1217[A] [Dist. Ct., Nassau Co 2012]; see also People v Nerley, 194 Misc 2d 727 [Sup Ct, Kings Co 2003]; People v Griffin, 163 Misc 2d 43 [Crim Court, Kings Co 1994] [criminal court maintains jurisdiction on certain matters between the time an indictment is voted and later filed]).
In People v. Lebron, (182 Misc 2d 640 [Crim Ct, Kings Co 1999]), the defendants were initially charged by felony complaint and held on bail. Prior to the expiration of the time period mandating release of the defendants pursuant to CPL §180.80, the prosecutor filed a certificate of indictment. The defendant moved for a modification of his bail after the filing of the certificate of indictment but before filing of the indictment. The People, relying on People v Brancoccio (83 NY2d 638 [1994]), countered that the criminal court lost jurisdiction by the filing of the certificate of indictment. The Lebron court reasoned that Brancoccio addressed only misdemeanor complaints and was inapplicable to a felony complaint. Thus, the Lebron court held that the prosecution's filing of a certificate of indictment indicating that an indictment had been voted, but not yet filed, did not divest local criminal court of preliminary jurisdiction over the defendants, and thus did not bar the court from addressing the application for release.
This Court agrees with the Lebron court in holding that the Brancoccio decision does not [*3]divest lower criminal court of preliminary jurisdiction on a felony complaint. The facts of Brancoccio were specific to the defendant's ability to dispose of the charges against him by plea after a certificate of indictment was filed, and, therefore, addressed only trial jurisdiction. Brancoccio stands for the proposition that CPL §170.20 notice divests lower criminal court of trial jurisdiction to dispose of a misdemeanor complaint while it is being presented to a grand jury and that regardless of the result of the grand jury, lower criminal court will not regain trial jurisdiction once the grand jury has voted. If the grand jury vote results in a dismissal, the case is dismissed. If a certificate of indictment is filed, the local criminal court remains without trial jurisdiction to accept a defendant's plea pending the filing of the indictment in superior court. However, neither grand jury result would affect the preliminary jurisdiction of local criminal court. Since lower criminal court never has trial jurisdiction over a felony complaint, Brancoccio is inapplicable to such cases.
To hold that Brancoccio divests lower criminal court of preliminary jurisdiction would mean that between the filing of a certificate of indictment on a felony complaint and the filing of an indictment, neither lower criminal court nor superior court would have any jurisdiction. Lower criminal court would not have preliminary or trial jurisdiction. Superior court does not have preliminary jurisdiction on cases initiated in lower criminal court and would not yet be vested with trial jurisdiction since a defendant cannot take a plea or otherwise dispose of the indicted charges on a certificate of indictment in superior court (CPL §1.20[24]). The law limits the use of the certificate of indictment to maintaining the custody of a defendant past a maximum of 144 hours when a criminal action is commenced on a felony complaint (CPL §180.80[2]). A certificate of indictment has no bearing on the preliminary jurisdiction of the local criminal court. The preliminary jurisdiction of lower criminal court must continue until the superior court is vested with trial jurisdiction.[FN1]

During a criminal action, the local criminal court has preliminary jurisdiction to consider bail or recognizance on a felony complaint once the prosecution has been heard, and the court is in receipt of the appropriate agency report or has deemed the report unnecessary (CPL §530.20). In contrast, when an action is pending in local criminal court a superior court may only review bail when the local criminal court lacks jurisdiction, denies bail, or fixes excessive bail but may do so only one time (CPL §530.30). When a criminal action is pending before the superior court bail may then be modified by the superior court (CPL §530.40). A matter is pending before a superior court when an indictment or superior court information has been filed with the court and the superior court obtains trial jurisdiction (CPL §§1.20[24] & 210.05).
The filing of a certificate of indictment serves only to allow the defendant to be held in custody (CPL §180.80[2]). It neither divests a local criminal court of preliminary jurisdiction (CPL §1.20[25]) nor vests a superior court with trial jurisdiction (CPL §1.20[24]; CPL §210.05). Through the exercise of its preliminary jurisdiction, the lower criminal court may still modify bail during the period between the filing of a certificate of indictment and the filing of an indictment in superior court, since it is a non-dispositive determination that does not interfere [*4]with the prosecution of the criminal action (Lebron, supra; Gervais, supra; Celentano, supra; Nerley, supra; Griffin, supra).
2. Bail Modification
The statute governing bail modification in lower criminal court reads as follows:
1.Upon any occasion when a court has issued a securing order with respect to a principal and the principal is confined in the custody of the sheriff as a result of a previously issued securing order, the principal may make an application for recognizance, release under non-monetary conditions with bail or a reduction of bail.
2.(b)Upon such application, the principal must be accorded an opportunity to be heard and to contend that an order of recognizance, release under non-monetary conditions or, where authorized, bail, a reduction of bail, or imposition of non-monetary conditions in conjunction with bail or a reduction of bail, must or should issue, that the court should release the principal on the principal's own recognizance or under non-monetary conditions rather than fix bail, or where bail has been imposed, reduce the amount of bail and impose non-monetary conditions, where authorized under this title, and that if bail is authorized and fixed it should be in a suggested amount and form (CPL §510.20).
CPL §510.10 specifically enumerates matters a court should consider when setting discretionary bail, which includes any period when a defendant is facing an appeal but it does not specify the period after the filing of a certificate of indictment. The legislature did not expressly limit the local criminal court's discretion to entertain bail application to the period after a certificate of indictment is filed. Rather, the legislature used the expansive term "upon any occasion," and giving weight to its plain meaning, would include the period between the filing of a certificate of indictment and the filing of the indictment in superior court. (see People v Bey, 2023 NY Slip Op 06407 [2024]; Matter of Avella v City of New York, 29 NY3d 425, 434 [2017]; Matter of DaimlerChrysler Corp v Spitzer, 7 NY3d 653, 660 [2006])
An application to modify bail in a criminal action should be made in the court that is required to fix the securing order and where the action is pending, which is the local criminal court exercising preliminary jurisdiction until an indictment is filed (see Peter Preiser, Practice Commentaries [McKinney's Cons Law of NY, Book 11A, CPL §510.20]). A defendant is entitled to be heard on the request to modify bail and the reviewing local criminal court must apply the statutory criteria that govern the exercise of the court's discretion (CPL §510.30).
Under the current bail scheme, defendants regularly request a modification of their bail status after the filing of a certificate of indictment. The timing and nature of the application in the relatively short window between the filing of the certificate of indictment and the filing of the indictment leaves almost no opportunity for review by the superior court or an appellate court. Thus, this issue escapes appellate review with such regularity that this court has only found one trial court case, Lebron (supra), that is directly on point to the issue.
The legislature expressly provided for a defendant's opportunity to be heard on the issue of bail at essentially every court appearance, which would include a court appearance where the certificate of indictment has been filed in local criminal court but no indictment has been filed in superior court. The legislature declined to include any such statutory limitation in the new bail laws, while specifically including consideration on the success of an appeal. Thus, it is logical to [*5]conclude from a plain reading of the statute that the legislature did not intend to limit the local criminal court's preliminary jurisdiction to modify bail during the period commencing with the filing of a certificate of indictment but rather, this period was meant to be included in the statutorily defined period of "any occasion." 
A determination on bail is not a dispositive determination and, as such, the local criminal court is not divested of its preliminary jurisdiction to hear applications to modify bail until the voted indictment is filed in superior court. There is neither statutory nor case law supporting the People's position that this court is divested of jurisdiction to entertain a bail application once a certificate of indictment is filed. 
Prior to the filing of an indictment, a defendant is limited to seek a modification of bail in the lower criminal court (CPL §530.20) or to seek a one-time review of the lower court's determination on bail in superior court under very limited circumstance (CPL §530.30). It is only upon the filing of the indictment in superior court, which is then vested with trial jurisdiction, that the local criminal court is divested of its preliminary jurisdiction and its concomitant authority to modify bail. Once the indictment is filed, trial jurisdiction vested, and the criminal action is pending in a superior court (CPL §210.05), that a defendant may seek modification of bail by the superior court (CPL §530.40).
Accordingly, this court holds that the defendant may seek to modify bail in lower criminal court after the filing of a certificate of indictment in lower criminal court but before the filing of an indictment in superior court, as only local criminal court, through its preliminary jurisdiction, may entertain the application at that time.
CONCLUSION
In the instant case, the grand jury voted an indictment on the top count charged in the felony complaint. There is no information before this court that the defendant sought to challenge the lower criminal court determination in superior court pursuant to CPL §530.30, and this Court is not authorized to review bail set at the arraignment as excessive. While the defendant argued that supervised release was appropriate rather than cash bail, he did not provide any financial documentation establishing the individual financial circumstances or potential financial hardship of a prospective obligor for the court to consider in regard to modifying the current securing order (CPL §510.10[1][f]).
Under the facts presented, where the defendant has been indicted on the top count charged in the felony complaint and the defendant has not provide any financial documentation in support of his application, bail modification is better left to the superior court. There, the superior court will have access to the grand jury minutes and more information to determine the appropriate bail on the top count indictment. Accordingly, the defendant's application to modify bail is denied.
This constitutes the decision and order of the court.
Dated: April 5, 2024
Kings County, New York
Hon. Dale Fong-Frederick
Judge of the Criminal Court

Footnotes

Footnote 1:The same rationale dictates that lower criminal court is not divested of preliminary jurisdiction on a misdemeanor complaint when the People serve notice pursuant to CPL §170.20. This supports the rationale that Brancoccio, stands for the proposition that lower criminal court is divested of trial jurisdiction only (i.e., the ability to take a plea on the misdemeanor complaint).